PER CURIAM.
Frank Moore appeals from the Tallade-ga Circuit Court’s disposition of his “motion for relief from judgment.”
On October 7, 2002, Moore entered in the criminal division of the Talladega Circuit Court a guilty plea to a felony charge of driving under the influence (case number CC-02-452). At the time of his plea, Moore was already serving a sentence of imprisonment of one year and one day in St. Clair County for a similar offense. Following the entry of his plea, the court sentenced Moore to five years in prison with no probation. The court directed that the five-year sentence would run concurrently with Moore’s St. Clair County sentence.
After he was sentenced and while he was incarcerated, Moore received a Department of Corrections status report and learned that the department’s records showed that his two convictions were not running concurrently. Moore contacted Larry Morris, who is Moore’s defense attorney, to determine how the error could be corrected; on March 1, 2003, Morris filed a motion in case number CC-02-452 to “correct the record.”
Moore subsequently filed a pleading in the Talladega Circuit Court against the State of Alabama and Morris, which Moore styled as a “Motion for Relief from Judgment or Order.” The case action summary sheet notes that that pleading arrived at the court on July 27, 2003. The circuit clerk treated that pleading as initiating a civil legal-malpractice action against the defendants; however, Moore’s pleading requested the same relief that *1250 Morris had already sought on Moore’s behalf in the criminal division of the Tallade-ga Circuit Court in case number CC-02-452. In August 2003, Morris filed an answer to Moore’s pleading and a motion seeking either a dismissal or a transfer of the matter to the criminal division of the Talladega Circuit Court.
On August 27, 2003, the trial court in this matter entered an order containing the following determinations:
“1. That in reviewing the pleadings in this cause, and regardless of the title of said pleadings, [Moore] is raising issues that should be raised pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.
“2. The Court determines that the above-styled civil action is due to be dismissed after pleadings are transferred to the case of State of Alabama v. Frank F. Moore, Case No. CC-02-452 in the Circuit Court of Talladega County, Alabama.
“It is therefore, considered and ordered as follows:
“1. That the Clerk transfer all pleadings from this file to the case of State of Alabama v. Frank P. Moore, CC-02-452 and designate said pleadings as a Rule 32 proceeding.
“2. That after the transfer of the pleadings, this case is hereby dismissed with all costs waived.”
Moore filed a notice of appeal from the decision of the trial court; in his notice of appeal, Moore described the trial court’s disposition of the case as a final judgment. Morris filed a motion to dismiss the appeal, arguing that because Moore’s claims are still pending in the criminal division of the circuit court, there is no final judgment and the case is not ripe for appeal.
“ ‘It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’ ” Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999) (quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981)). This court has also stated: “A final judgment is one that completely adjudicates all matters in controversy between all the parties.” Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002). Moreover, “[a]n .order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment.” Id.; see also Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (appeal by inmate in his action against medical-services provider and prison warden was dismissed because trial court merely entered order granting provider’s summary-judgment motion and denying inmate’s summary-judgment motion without ruling on claims against warden or certifying its order as final pursuant to Rule 54(b), Ala. R. Civ. P.).
Although this case is not a perfect analogy to a case in which there is an appeal from a partial summary judgment, the fact that the trial court transferred all of Moore’s claims to its criminal division indicates that none of Moore’s claims has been finally adjudicated. This case is more similar to those cases where a trial court transferred an action from a court of law to a court of equity; such action would not support an appeal. See Commercial Bank v. Hall, 266 Ala. 57, 94 So.2d 198 (1957). An order transferring a cause from the law docket to the equity docket and vice versa could not support an appeal; such an order was only renewable on appeal from the final judgment in the case. See Ballentine v. Bradley, 236 Ala. 326, 182 So. 399 (1938). *1251 The trial court’s judgment in this case was in fact a transfer of the ease to the criminal division from the civil division and is not a final judgment that will support an appeal within the scope of § 12-22-2, Ala.Code 1975. The motion to dismiss the appeal as not being from a final judgment is therefore due to be granted. The appeal is dismissed.
MOTION GRANTED; APPEAL DISMISSED.
All the judges concur.