PITTMAN, Judge.
Heather Alvira[1] (“the mother”) married Jeffrey Steven Campbell in January 1993. During that marriage, the mother gave birth to a daughter, Caitlin Marie Campbell (“Caitlin”) in May 1993. The DeKalb Circuit Court divorced the mother and Campbell on December 1, 1994, and awarded custody of Caitlin to the mother. In February 1996, the mother married William Mark Clanton. During that marriage, the mother gave birth to a daughter, Carlee Savannah Clanton (“Savannah”). On March 3, 2000, the Cherokee Circuit Court divorced the mother and Clanton and awarded custody of Savannah to the mother.
Thereafter, Campbell and Clanton each filed separate petitions for modification of custody of their respective daughters. Although the petitions were filed in separate counties, they were tried together by a circuit judge of the Ninth Judicial Circuit, which encompasses both DeKalb County and Cherokee County; that judge thus sat as a judge of both the DeKalb Circuit Court and the Cherokee Circuit Court simultaneously. Following ore tenus proceedings, an order was entered in both cases changing custody of Caitlin from the mother to Campbell and changing custody of Savannah from the mother to Clanton. The mother was awarded specific visitation with Caitlin and Savannah. The parties were ordered to submit CS-41 income affidavits and their most recent pay stubs, and the custody order further stated that “[cjhild support will then be determined accordingly by separate order.” The record on appeal contains no further orders relating to child support. The mother filed two notices of appeal from the custo *849 dy order, one in each county, and this court has consolidated the two appeals.
“An appeal ordinarily lies only from a final judgment.” Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001). “For a judgment to be final, it must be issued by a court of competent jurisdiction and reflect a complete resolution of each and every matter in controversy.” Potter v. Owens, 535 So.2d 173, 174 (Ala.Civ.App.1988). Because the trial court’s custody-modification order did not dispose of the issue of child support and because the record on appeal does not indicate that the issue of child support was adjudicated, the modification order is not a final, appealable judgment. See Tomlinson, 816 So.2d at 58; see also Reid v. Reid, 844 So.2d 1212, 1214-15 (Ala.Civ.App.2002). This court must therefore dismiss the mother’s appeals.
APPEALS DISMISSED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.

. Although the parties refer to the mother by various names, Heather Alvira is the mother's current married name. Therefore, this opinion will refer to the mother by her current name.