The appellant, Gary Davis Hart II, appeals the circuit court's order setting aside his sentence of death pursuant toRoper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183,161 L.Ed.2d 1 (2005), and sentencing him to life in the penitentiary without the possibility of parole.
In 1990, Hart was convicted of capital murder for the killing of Todd Evans during the course of a robbery. He was sentenced to death. Hart's conviction and his sentence were affirmed on direct appeal. Hart v. State,612 So.2d 520 (Ala.Crim.App. 1992), aff'd, 612 So.2d 536 (Ala. 1993).
Hart also filed a petition for postconviction relief under Rule 32, Ala.R.Crim.P. attacking his conviction. On appeal, we affirmed the denial of Hart's Rule 32 petition. Hart v.State, 796 So.2d 446 (Ala.Crim.App. 1999) (table), aff'd,800 So.2d 140 (Ala. 2000).
In August 2005, the attorney general filed a motion in the Mobile Circuit Court requesting that the circuit court vacate Hart's death sentence based on the United States Supreme Court's decision in Roper v. Simmons, 543 U.S. 551,125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which prohibited the imposition of a sentence of death on any individual under the age of 18 when the offense was committed. Hart was 16 when he committed the murder. The motion stated:
 "Comes now the State of Alabama, Respondent in the above-styled cause, and files its motion respectfully requesting that this Honorable Court re-sentence Gary Davis Hart, II, to life imprisonment *Page 949 
without the possibility of parole, pursuant to United States District Court Judge Charles R. Butler, Jr.'s order instructing the State to re-sentence Hart to life imprisonment without the possibility of parole within thirty days. In support of this motion, the State submits the following;
 "1. In Roper v. Simmons, 125 S.Ct. 1183, 1200 (2005), the United States Supreme Court held that the `Eighth and Fourteenth Amendments forbid (the) imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed.' Based on the Court's ruling in Roper, inmates who were convicted of capital murder and sentenced to death for a capital offense that they committed when they were under the age of eighteen are no longer eligible for the death penalty.
 "2. Hart's capital murder conviction and death sentence currently are under habeas review in the United States District Court for the Southern District of Alabama. On June 8, 2005, United States District Court Judge Charles R. Butler, Jr., ordered the parties to file their respective positions on the effect of Roper on Hart's penalty phase claims. The parties complied with the court's order. In their pleadings, the parties agreed that the court should grant Hart habeas corpus relief if the court found, based upon its review of the evidence, that Hart was under the age of eighteen when he committed the capital murder of Todd Evans.
 "3. On August 8, 2005, Judge Butler entered an order finding that Hart was, in fact, under the age of eighteen when he murdered Todd Evans. In that order, Judge Butler instructed the State to re-sentence Hart to life imprisonment without the possibility of parole within the next thirty days. See `Appendix.'
 "4. The State agrees with Judge Butler's finding that Hart was under the age of eighteen when he murdered Todd Evans and that he is, therefore, entitled to penalty phase relief under Roper. Roper requires this Court to enter an amended sentencing order sentencing him to life imprisonment without the possibility of parole."
The circuit court vacated Hart's death sentence and sentenced Hart to life imprisonment without the possibility of parole — the only other available sentence for a person who has been convicted of a capital offense. See §13A-5-45, Ala. Code 1975. Hart filed a notice of appeal. The question presented by this case is whether Hart has the right to appeal this ruling.
Section 12-22-130, Ala. Code 1975, governs appeals from convictions. This statute states:
 "A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court."
"The right of appeal is wholly statutory. Under our statute an appeal is authorized in criminal cases only from ajudgment of conviction." Dawson v. State, 37 Ala.App. 16,17, 66 So.2d 567, 568 (1952) (emphasis added). The Alabama Supreme Court in Allen v. State, 141 Ala. 35,37 So. 393 (1904), addressed whether a defendant could appeal an order scheduling a date for the defendant's execution. The Supreme Court stated:
 "Section 4313 of the Criminal Code [of 1896] [now § 12-22-130, Ala. Code 1975], relating to appeals by defendants in criminal cases, reads as follows: `Any person convicted of a criminal offense in the circuit court, or other court from *Page 950 
which an appeal lies directly to the Supreme Court, may appeal from the judgment of conviction to the Supreme Court.' It will be observed that the statute authorizes an appeal only from the judgment of conviction. The present appeal is not taken from the judgment of conviction, but from the sentence of the circuit court made under section 5439 of the Criminal Code [of 1896], appointing a day for the execution of the defendant. And as no appeal lies from such an order, this court is without jurisdiction to review the case, and it follows that the appeal must be dismissed."[1]
141 Ala. at 36-37, 37 So. at 393.
In Dixon v. City of Mobile, 859 So.2d 462, 463
(Ala.Crim.App. 2003), we likewise stated:
 "`The right of appeal is wholly statutory and is authorized in criminal cases from a judgment of conviction.' McCray v. State, 46 Ala.App. 588, 589, 246 So.2d 475, 476 (Ala.Crim.App. 1971). `Appeals lie only from judgments of conviction, and then only on those counts upon which there is a finding of guilt.' Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App. 1980). `An appeal cannot be taken from an order subsequent to the judgment of conviction unless authorized by statute.' Harris v. State, 44 Ala.App. 632, 632, 218 So.2d 285, 286 (1969)."
There is no statute that allows Hart to appeal the circuit court's ruling vacating his sentence of death and imposing a sentence of life imprisonment without the possibility of parole. Hart has already obtained appellate review of the proceedings that lead to his capital-murder conviction.
Because there is no statutory authority for this Court to review this appeal, this appeal is dismissed.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ, concur.
[1] Rule 8(d)(1), Ala.R.App.P., states that the Supreme Court "shall at the appropriate time enter an order fixing a date of execution."