PARKER, Justice.
Melvin Charles Jarrett petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals’ unpublished memorandum affirming the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R. Crim P. Jarrett v. State, 75 So.3d 1233 (Ala.Crim.App.2010) (table). In his petition, Jarrett challenged his 2006 guilty-plea conviction for one count of failing to comply with the requirement of the Community Notification Act, § 15-20-20 et seq., Ala.Code 1975 (“the CNA”), that he, as an adult criminal sex offender, provide notice of his intent to transfer his legal residence. We granted the writ of certio-rari; we reverse the Court of Criminal Appeals’ judgment and remand the case for proceedings consistent with this opinion.

Facts and Procedural History

Jarrett was arrested on November 10, 2005, for violating the CNA; he was indicted on April 14, 2006. On August 18, 2006, Jarrett pleaded guilty to the charge, and he was sentenced to 15 years’ imprisonment. The prison sentence was suspended for three years, during which time Jarrett was placed on probation. According to Jarrett, his probation was revoked on March 9, 2007, and he was ordered to serve the remainder of his 15-year sentence. In its unpublished memorandum, the Court of Criminal Appeals set forth the following pertinent facts and procedural history:
“On July 27, 2009, Jarrett filed the instant Rule 32[, Ala. R.Crim. P.,] petition, his first, in the Madison Circuit Court. In his petition, Jarrett claimed that the 15-year sentence imposed for his guilty-plea conviction was illegal. Specifically, Jarrett contended that at the time he committed the offense, a violation of § 15-20-23, Ala.Code 1975, was a misdemeanor, not a Class C felony, and thus, his sentence was not authorized by law. The State refuted the merits of Jarrett’s claim and argued that Jarrett’s claim was insufficiently pleaded and precluded pursuant to Rule 32.2(a)(3) and (5)[, Ala. R.Crim. P.,] because the claim could have been but was *732 not raised at trial or on appeal. On August 31, 2009, the circuit court summarily dismissed Jarrett’s petition on the grounds that the petition was precluded pursuant to Rule 32.2(a)(3) and (5), failed to state a claim upon which relief could be granted, and was without merit. This appeal ensued.”
The Court of Criminal Appeals affirmed the circuit court’s denial of Jarrett’s Rule 32 petition, stating, as follows:
“On appeal, Jarrett reiterates his claim that his 15-year sentence for his guilty-plea conviction is illegal. Specifically, Jarrett contends that his offense was complete before October 1, 2005, the effective date of [an amendment to] § 15-20-23 [changing the violation of the CNA from a Class A misdemeanor to a Class C felony]. Accordingly, Jarrett argues that the offense was only a misdemeanor, not a Class C felony, at the time he failed to notify authorities of his intent to transfer his legal residence, and thus, his 15-year sentence is not authorized by law. Although couched in jurisdictional terms, Jarrett actually raises a nonjurisdictional challenge challenging the factual basis underlying his guilty plea. See Whitman v. State, 903 So.2d 152, 155-56 (Ala.Crim.App.2004) (‘Moreover, to the extent that this claim can be considered a challenge to the factual basis for the plea, it is well settled that the factual basis for a guilty plea is not jurisdictional and is not part of the voluntariness of the plea.’). Accordingly, this claim is precluded pursuant to Rule 32.2(a)(3) and (5)[, Ala. R.Crim. P.,] on the grounds that the claim could have been but was not raised at trial or on appeal.”
Jarrett then petitioned this Court for a writ of certiorari, which we granted.

Standard of Review

“[W]here the facts are not in dispute and we are presented with pure questions of law, this Court’s standard of review is de novo.” State v. American Tobacco Co., 772 So.2d 417, 419 (Ala.2000) (citing Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997), and Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala.1994)).

Discussion

Jarrett alleges, as he did before the Court of Criminal Appeals, that his 15-year sentence imposed following his conviction, entered pursuant to a guilty plea, for violating the CNA is illegal. Specifically, Jarrett contends that his offense was complete before October 1, 2005, the effective date of the amendment to § 15-20-23, Ala.Code 1975, changing the violation of the CNA from a Class A misdemeanor to a Class C felony; the State does not dispute this claim. Accordingly, Jarrett argues that the offense to which he pleaded guilty was, at the time he committed it — i.e., at the time he failed to notify authorities of his intent to transfer his legal residence— only a misdemeanor, not a Class C felony, and, thus, he argues, his 15-year sentence is not authorized by law.
This Court has held that “ ‘a challenge to an illegal sentence is jurisdictional and can be raised at any time.’ ” Ex parte Batey, 958 So.2d 339, 341 (Ala.2006) (quoting Ginn v. State, 894 So.2d 793, 796 (Ala.Crim.App.2004)). Although Jarrett’s argument hinges on a factual determination, it is nevertheless jurisdictional in nature because it challenges the legality of his sentence. It appears that the factual portion of the indictment omitted the date on which it alleged that Jarrett violated the CNA; the record does not indicate what date the circuit court relied upon in sentencing Jarrett to 15 years’ imprisonment *733 based on a conviction for a Class C felony.[1] Therefore, in order to determine whether Jarrett’s jurisdictional challenge is valid, it must first be determined whether the circuit court informed Jarrett of the date of the offense it relied upon in accepting Jarrett’s guilty plea and in sentencing him to 15 years’ imprisonment. Specifically, it must be determined if the circuit court informed Jarrett that it relied upon a date of offense after October 1, 2005, the effective date of the amendment to the statute under which Jarrett was sentenced. However, if the circuit court did not inform Jarrett of the date of his offense it was relying upon, it must then determine when Jarrett’s violation of the CNA occurred— i.e., before or after October 1, 2005 — and, if necessary, resentence him accordingly.

Conclusion

Based on the foregoing, we reverse the Court of Criminal Appeals’ judgment and remand the case to the Court of Criminal Appeals for it in turn to remand the case to the circuit court to conduct an evidentia-ry hearing to determine the date Jarrett’s violation of the CNA occurred.
REVERSED AND REMANDED.
MALONE, C.J., and STUART, BOLIN, and MAIN, JJ., concur.
WOODALL and MURDOCK, JJ., concur in the result.
WISE, J., recuses herself.*

. We note that § 15-20-23 requires an adult criminal sex offender to give notice of the intent to transfer residence “at least 30 days prior to moving to the new location.”