On Remand from the Alabama Supreme Court

KELLUM, Judge.
The appellant, Melvin Charles Jarrett, appealed from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he challenged his 2006 guilty-plea conviction for one count of failing to comply with the requirement of the Community Notification Act, § 15-20-20 et seq., Ala.Code 1975 (“the CNA”), and his resulting sentence of 15 years’ imprisonment. Specifically, Jarrett alleged in his Rule 32 petition that his 15-year sentence for violating the CNA was illegal because, he said, his offense was complete before October 1, 2005, the effective date of an amendment to § 15-20-23, Ala.Code 1975, that changed the violation of the CNA from a Class A misdemeanor to a Class C felony. This Court affirmed, without an opinion, the circuit court’s judgment denying Jarrett’s petition for postconviction relief. In our unpublished memorandum, we reasoned that, although couched in jurisdictional terms, Jarrett actually raised a non-jurisdictional challenge to the factual basis underlying his guilty plea. Thus, we concluded, Jarrett’s claim was precluded pursuant to Rule 32.2(a)(3) and (5), Ala. R.Crim. P., because it could have been, but was not, raised at trial or on appeal. See Jarrett v. State (No. CR-09-0066, Feb. 19, 2010), 75 So.3d 1233 (Ala.Crim.App.2010) (table).
Jarrett then petitioned the Alabama Supreme Court for certiorari review, arguing that the 15-year felony sentence imposed following his guilty-plea conviction for violating the CNA was illegal because his offense was complete before October 1, 2005, the effective date of the amendment to § 15-20-23, Ala.Code 1975, changing the violation of the CNA from a Class A misdemeanor to a Class C felony. The Supreme Court granted certiorari review, and on September 30, 2011, reversed this Court’s judgment, holding that Jarrett’s claim challenging the legality of his sentence was jurisdictional in nature and, therefore, that it was error to deny Jarrett’s Rule 32 petition without first conducting an evidentiary hearing. Ex parte Jarrett, 89 So.3d 730, 731-33 (Ala.2010).
Unable to ascertain from the record the date on which Jarrett allegedly violated the CNA and the date on which the circuit court had relied in sentencing Jarrett to 15 years’ imprisonment, the Supreme Court reasoned:
“[I]n order to determine whether Jarrett’s jurisdictional challenge is valid, it must first be determined whether the circuit court informed Jarrett of the date of the offense it relied upon in accepting Jarrett’s guilty plea and in sentencing him to 15 years’ imprisonment. Specifically, it must be determined if the circuit court informed Jarrett that it relied upon a date of offense after October 1, 2005, the effective date of the amendment to the statute under which Jarrett was sentenced. However, if the circuit court did not inform Jarrett of the date of his offense it was relying upon, it must then determine when Jarrett’s violation of the CNA occurred— i.e., before or after October 1, 2005— *735 and, if necessary, resentence him accordingly.”
Ex parte Jarrett, 89 So.3d at 738.
In accordance with the Supreme Court’s opinion, we remand this case for the circuit court to conduct an evidentiary hearing on Jarrett’s allegation that his 15-year sentence was illegal. In lieu of an evidentiary hearing, the circuit court may take evidence by affidavits, written interrogatories, or depositions, as provided in Rule 32.9, Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Jarrett’s claim in accordance with Rule 32.9(d), Ala. R.Crim. P.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the circuit court, together with the circuit court’s written findings of fact.
REMANDED WITH INSTRUCTIONS.*
WELCH, P.J., and WINDOM, BURKE, and JOINER, JJ., concur.

 Note from the reporter of decisions: On January 27, 2012, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.