WELCH, Judge,
dissenting.
In an unpublished order the majority holds that this Court has no jurisdiction to consider the issues Earnest Lee Walker has raised, and it dismisses his appeal. I disagree. Not only does this Court have jurisdiction, but Walker is entitled to relief. Therefore, I dissent.
The order sets out the procedural history of this case:
“In June 2006, Earnest Lee Walker pleaded guilty to second-degree receiving stolen property, see § 13A-8-18, Ala.Code 1975, and was sentenced as an habitual felony offender with 3 prior felonies to 15 years’ imprisonment. In February 2010, Walker filed in the circuit court a petition for postconvietion relief pursuant to Rule 32, Ala. R.Crim. App., arguing, among other things, that his sentence is illegal because one of the three prior felony convictions used to enhance Walker’s sentence had been vacated. In its response to Walker’s peti *438 tion, the State conceded that the vacated felony conviction had been used to enhance Walker’s sentence and agreed that Walker was entitled to be resen-tenced. On August 4, 2011, the circuit court entered a written order granting Walker’s petition in part and denying it in part; specifically, the circuit court agreed that Walker was entitled to be resentenced but denied all other claims raised by Walker. Following a sentencing hearing on September 21, 2011, the circuit court resentenced Walker, without application of the habitual felony offender act, to 10 years’ imprisonment; at the sentencing hearing, Walker, on his own behalf, moved to withdraw his guilty plea on the basis that it was involuntary because his new sentence did not conform with the terms of his original plea agreement. The circuit court denied Walker’s motion, and Walker gave both oral and written notices of appeal. Walker now appeals.”
(Footnote omitted.)
Two additional points are relevant here. In its August 4, 2011, order, the circuit court stated that Walker was entitled to be resentenced as an habitual felony offender, without a nol-prossed case being used for enhancement. Furthermore, when the circuit court imposed the 10-year sentence on September 21, 2011, it failed to order that the sentence run concurrently with the sentence in CC-04-3797, as Walker’s plea agreement provided and as the trial court ordered when it imposed the original sentence.
The Court dismisses Walker’s appeal and states, first, that Walker’s notice of appeal was untimely because it was filed on September 21, 2011, more than 42 days after the circuit court issued the August 4, 2011, order. The Court further holds that this Court has no jurisdiction to consider Walker’s allegations of error as to his re-sentencing, and it relies solely on Hart v. State, 939 So.2d 948 (Ala.Crim.App.2005), to support that holding.
I.
Walker’s notice of appeal was timely filed on September 21, 2011, the date the trial court imposed the sentence, because the sentencing order was the final order in the case, and the case then became ripe for review.
“ ‘[Pjostconviction proceedings filed pursuant to Rule 32[, Ala. R.Crim. P.,] are civil proceedings.’ State v. Hutcherson, 847 So.2d 378, 383 (Ala.Crim.App.2001).” Ex parte Wright, 860 So.2d 1253, 1254 (Ala.2002). Rule 32.10(a), Ala. R.Crim. P., provides that “[a]ny party may appeal the decision of a circuit court according to the procedures of the Alabama Rules of Appellate Procedure to the Court of Criminal Appeals upon taking a timely appeal as provided in Rule 4, Alabama Rules of Appellate Procedure.” Rule 4(a)(1), Ala. R.App. P., provides, in relevant part:
“Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from....”
In this case, “the judgment or order appealed from” is the circuit court’s complete disposition of Walker’s petition for postconviction relief, and the case was not finally disposed of until the circuit court entered a new sentence on September 21, 2011. The circuit court stated at the beginning of the hearing on September 21, 2011:
“THE COURT: This is the State of Alabama v. Earnest Lee Walker in CC-06-2129 for resentencing pursuant to a Rule 32 Petition which I granted a por *439 tion of. The grounds for the Rule 32 petition that I granted was that the sentence was enhanced by convictions, one of which has been set aside by the Circuit Court of Baldwin County. So at this point is it the state’s intent to go forward under the Habitual Offender Act on this case?”
(R. 3.)
At the conclusion of the hearing the circuit court stated: “At this time, Mr. Walker, I’m going to sentence you to 10 years to serve in CC-06-2120 and that sentence again would be pursuant to the limited grounds for the Rule 32 that I had already granted.” (R. 7.) In the Rule 32 petition, Walker sought resentencing as a habitual felony offender with only two pri- or felonies, and he requested that the new sentence run concurrently with the sentence imposed in CC-04-3797, in compliance with his original plea agreement. It was only after the trial court imposed the 10-year sentence and failed to order that the newly imposed sentence run concurrently with the sentence in CC-04-3797 that it became clear that Walker had not been sentenced in accordance with his plea agreement or pursuant to either the Habitual Felony Offender Act (§ 13A-5-9, Ala. Code 1975) or the voluntary sentencing standards created following the enactment of the Alabama Sentencing Reform Act of 2003 (§ 12-25-31 et seq., Ala.Code 1975). It was only after Walker was illegally sentenced that his right to appeal from the illegal sentence ripened. Thus, his notice of appeal was timely filed on September 21, 2011.
The August 4, 2011, order was an interlocutory order, one that did not dispose of all the issues before the court and one that left sentencing for future determination. In Rule 32 cases, orders disposing of fewer than all the claims are considered on appeal after the final order disposing of the remaining claims has been issued. For example, in Taylor v. State, [Ms. CR-05-0066, Oct. 1, 2010], — So.3d —, — (Ala.Crim.App.2010), this Court stated: “Taylor appeals the orders of partial dismissal entered on October 23, 2003, and he appeals the August 1, 2005, final order summarily dismissing the petition in its entirety.” An interlocutory appeal, that is, “[a]n appeal that occurs before the trial court’s final ruling on the entire case,” Black’s Law Dictionary 113 (9th ed. 2009), is allowed only in limited circumstances. By generally limiting review to final judgments, appellate courts are spared considering over a long period multiple appeals that share the same facts and related legal issues.
Whether a judgment is a final one is not always clear; the Alabama Supreme Court has explained on several occasions that a final, appealable judgment is one that resolves all issues and claims in the litigation. For example, in Radetic v. Murphy, 71 So.3d 642 (Ala.2011), a breach-of-contract case, the Court stated:
“ ‘ “An appeal ordinarily lies only from a final judgment.” Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001). “For a judgment to be final, it must be issued by a court of competent jurisdiction and reflect a complete resolution of each and every matter in controversy.” Potter v. Owens, 535 So.2d 173, 174 (Ala.Civ.App.1988).’ Alvira v. Campbell, 909 So.2d 847, 849 (Ala.Civ.App.2005). Here, the trial court’s July 28, 2008, order, although determining [the prospective buyer’s] liability, clearly did not dispose of the issue of the accompanying damages award. Therefore, it was not a final, appealable order.
“ ‘It is well established that a final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters *440 in controversy between the litigants.” Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts, Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623 (Ala.1976).’
“Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990). In Dees, the Court of Civil Appeals concluded, based on a finding that there had been both a determination of liability and a stipulation as to the amount of damages, that ‘the judicial labor ended and nothing unfinished or inconclusive remained.’ Id. In the present case, however, there remained ‘judicial labor’ to perform, namely, the assessment of damages based on the trial court’s previous liability determination. Therefore, contrary to the [sellers’] argument, the February 17, 2010, order did not simply acknowledge the July 2008 judgment but constituted a final, appealable order because it conclusively determined all remaining issues in the case. See Jetton v. Jetton, 502 So.2d 756, 758 (Ala.1987) (‘It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’ (citations omitted)); Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala.1976) (‘A final judgment is a termi-native decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself.’ (citations omitted)).”
71 So.3d at 648-49. (some emphasis added; some emphasis omitted). In Moore v. State, 888 So.2d 1248, 1250 (Ala.Civ.App.2004), the appellant had filed a pro se postconviction pleading in circuit court in which he sought correction of an error as to his sentencing, and the circuit clerk treated the pleading as a claim alleging legal malpractice. Appellant’s counsel had already filed a petition seeking the same relief from sentencing in the criminal case, however, and the circuit court determined that the pro se claims should be transferred to the case that had already been filed by appellant’s counsel and that the pro se case should then be dismissed. Moore appealed from the trial court’s decision, and the Court of Civil Appeals dismissed the appeal, stating:
“ ‘ “It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.” ’ Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999) (quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981)). This court has also stated: ‘A final judgment is one that completely adjudicates all matters in controversy between all the parties.’ Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002). Moreover, ‘[a]n order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment.’ Id.; see also Adams v. NaphCare, Inc., 869 So.2d 1179, 1181 (Ala.Civ.App.2003) (appeal by inmate in his action against medical-services provider and prison warden was dismissed because trial court merely entered order granting provider’s summary-judgment motion and denying inmate’s summary-judgment motion without ruling on claims against warden or certifying its *441 order as final pursuant to Rule 54(b), Ala. R. Civ. R).
“Although this case is not a perfect analogy to a case in which there is an appeal from a partial summary judgment, the fact that the trial court transferred all of Moore’s claims to its criminal division indicates that none of Moore’s claims has been finally adjudicated. This case is more similar to those cases where a trial court transferred an action from a court of law to a court of equity; such action would not support an appeal. See Commercial Bank v. Hall, 266 Ala. 57, 94 So.2d 198 (1957). An order transferring a cause from the law docket to the equity docket and vice versa could not support an appeal; such an order was only reviewable on appeal from the final judgment in the case. See Ballentine v. Bradley, 236 Ala. 326, 182 So. 399 (1938).
“The trial court’s judgment in this case was in fact a transfer of the case to the criminal division from the civil division and is not a final judgment that will support an appeal within the scope of § 12-22-2, Ala.Code 1975.”
888 So.2d at 1250-51.
As in the foregoing cases, and the cases cited therein, there was no final judgment from which to appeal until September 21, 2011, when the circuit court held the sentencing hearing and imposed a new sentence. Therefore, Walker’s notice of appeal was timely, and his claims were properly before this Court.
II.
The majority relies on Hart v. State, 939 So.2d 948, 950 (Ala.Crim.App.2005), for its holding that this Court has no jurisdiction to address any issues regarding Walker’s resentencing. Hart is inapposite and does not support the majority’s rationale for dismissing the claims regarding resentenc-ing.
Hart presented a unique set of procedural circumstances and produced a limited holding. As we explained in that case, Hart was convicted of capital murder in 1990; he was sentenced to death; and his conviction and sentence were affirmed on appeal. Hart v. State, 612 So.2d 520 (Ala.Crim.App.1992), aff'd, 612 So.2d 536 (Ala.1993). His petition for postconviction relief was denied, and this Court affirmed the denial of the petition. Hart v. State, 796 So.2d 446 (Ala.Crim.App.1999) (table), aff'd, 800 So.2d 140 (Ala.2000).
“In August 2005, the attorney general filed a motion in the Mobile Circuit Court requesting that the circuit court vacate Hart’s death sentence based on the United States Supreme Court’s decision in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which prohibited the imposition of a sentence of death on any individual under the age of 18 when the offense was committed. Hart was 16 when he committed the murder.”
939 So.2d at 948.
“The circuit court vacated Hart’s death sentence and sentenced Hart to life imprisonment without the possibility of parole — the only other available sentence for a person who has been convicted of a capital offense. See § 13A-5-45, Ala.Code 1975. Hart filed a notice of appeal. The question presented by this case is whether Hart has the right to appeal this ruling.”
Id. at 949.
This Court dismissed Hart’s appeal, holding that § 12-22-130, Ala.Code 1975, provides that a defendant in a criminal case can appeal only from a judgment of conviction and stating that “no statute ... allows Hart to appeal the circuit court’s ruling vacating his sentence of death and *442 imposing a sentence of life imprisonment without the possibility of parole. Hart has already obtained appellate review of the proceedings that lead to his capital-murder conviction.” Id. at 950.
The differences between Walker’s case and Hart are significant: unlike Hart, Walker was not simply resentenced as a criminal defendant who had already obtained appellate review of the relevant proceedings but was resentenced as a civil litigant pursuant to relief granted him in a post-conviction proceeding and with no pri- or appellate review of the proceeding; upon resentencing, Hart received the only sentence available to him, and there was no exercise of judicial discretion in the court’s consideration of his sentence; Hart had no prior guilty-plea agreement; neither the HFOA or voluntary sentencing guidelines were applicable in Hart’s case; and the State initiated the vacatur of Hart’s death sentence in order to comply with United States Supreme Court precedent.
In light of all the foregoing circumstances, this Court should have recognized that the holding in Hart was limited by its unique facts and that Hart does not restrict this Court from reviewing the claims Walker raised on appeal from the resen-tencing he obtained through his postcon-viction proceeding.
III.
Not only does this Court have jurisdiction to consider Walker’s claims and should consider them for the reasons discussed in Part I and Part II, above, this Court may take judicial notice of an illegal sentence at any time. E.g., Ex parte Jarrett, 89 So.3d 730, 732 (Ala.2011)(“This Court has held that ‘ “a challenge to an illegal sentence is jurisdictional and can be raised at any time.” ’ Ex parte Batey, 958 So.2d 339, 341 (Ala.2006) (quoting Ginn v. State, 894 So.2d 793, 796 (Ala.Crim.App.2004)).”). This Court can and should address the sentencing issues in this case because the trial court failed to enter a sentence based on either the Habitual Felony Offender Act or the voluntary sentencing standards.
“The Alabama Sentencing Reform Act of 2003 (‘the Act’), as amended effective October 1, 2006, created voluntary sentencing standards to, among other things, assist trial judges in determining the most appropriate sentence for convicted felony offenders. See § 12-25-31(a)(1), Ala.Code 1975. ‘The Act gives a trial judge discretion to either sentence a defendant pursuant to the voluntary sentencing standards or pursuant to the [Habitual Felony Offender Actl.].’ State v. Crittenden, 17 So.3d 253, 259 (Ala.Crim.App.2009).”
Sistrunk v. State, 109 So.3d 205, 208 (Ala.Crim.App.2012) (emphasis added) (remanding case to circuit court “for that court to resentence Sistrunk ... pursuant to either the [Habitual Felony Offender Act] or the voluntary sentencing standards”).
Finally, as Walker correctly argues on appeal, his plea agreement provided that he was to be sentenced as a habitual felony offender and that his sentence in this case was to run concurrently with the sentence in CC-04-3797. When the trial court granted a portion of Walker’s Rule 32 petition, it stated that it would resentence him in accordance with the Habitual Felony Offender Act, yet it failed to do so. As the State recognizes in its brief to this Court, the circuit court erred when it re-sentenced Walker without application of the Habitual Felony Offender Act. I believe the case should be remanded to the trial court for that court to sentence Walker in accordance with his plea agreement, thus granting Walker the remedy he seeks *443 and complying with Alabama law as to sentencing.
For all the foregoing reasons, I dissent from the order dismissing Walker’s appeal.