STUART, Justice.
This Court issued a writ of certiorari to review the Court of Criminal Appeals’ decision that it did not have jurisdiction to entertain Earnest Lee Walker’s appeal from the new sentence imposed for his 2006 guilty-plea conviction for second-degree receiving stolen property. The new sentence was imposed after it was determined, following Walker’s filing a Rule 32, Ala. R.Crim. P., petition, that Walker’s original sentence exceeded the maximum authorized by law. The Court of Criminal Appeals dismissed Walker’s appeal by an order, from which Judge Welch dissented. Walker v. State, 127 So.3d 437 (Ala.Crim.App.2012). We reverse and remand.

Facts and Procedural History

In June 2006, Walker pleaded guilty to the offense of second-degree receiving stolen property, a violation of § 13A-8-19, Ala.Code 1975. The State established that at the time of sentencing Walker had three prior felony convictions. The trial court, applying the Habitual Felony Offender Act, sentenced Walker to 15 years’ imprisonment. Pursuant to the plea agreement, the trial court ordered that the sentence run concurrently with a sentence Walker was serving for a 2004 conviction.
In February 2010, Walker petitioned the circuit court for postconviction relief, pursuant to Rulé 32, Ala. R.Crim. P., from his 15-year sentence for the 2006 conviction for second-degree receiving stolen property. In his petition, he argued that his sentence was illegal because, he said, one *1249 of the prior felonies used to enhance his sentence had been vacated since his original sentencing. After the State conceded that Walker’s sentence had been improperly enhanced with the use of a felony conviction that had subsequently been vacated and that Walker was entitled to be resen-tenced, the circuit court granted Walker’s request for relief and ordered a new sentencing hearing.
On September 21, 2011, the trial court conducted a new sentencing hearing. According to the record, the trial court stated that in light of the State’s withdrawal of its request to proceed under the Habitual Felony Offender Act it would not apply the Habitual Felony Offender Act to Walker’s new sentence, and it resentenced Walker to 10 years’ imprisonment. During the hearing, the following occurred:
“THE COURT: ... At this time, Mr. Walker, I’m going to sentence you to 10 years to serve in [this case] and that sentence again would be pursuant to the limited grounds for the Rule 82 that I had already granted.
“MR. WALKER: So is it concurrent with the ’04 case, Your Honor?
“THE COURT: Mr. Walker it is whatever the law says it is. I’m not ordering anything special for you. Just whatever the law requires in this case is how it’s going to be handled.
“MR. WALKER: The previous sentence was concurrent, this is the purpose of me pleading guilty to [this case] concurrent with ’04. If you’re resentencing me today [in this case] and not running it concurrent, then that was not part of the per se plea agreement.
“THE COURT: I understand that’s yóur position. I’m telling you that whatever the law is, that’s how it’s going to be applied in this case. I’m not changing anything.
“MR. WALKER: Okay.
[Prosecutor]: Judge, would you go through on your plea of guilty I find you guilty and sentence him so that it’s clear?
“THE COURT: Mr. Walker, I find you guilty of the offense of receiving stolen property 2nd. I find again that that plea is entered voluntarily, knowingly, understanding^, and freely, and I sentence you to 10 years to serve in accordance with the statutory provisions for a Class C felony. Anything else?
“[Prosecutor]: Thank you.
“MR. WALKER: I give notice of appeal, Your Honor.”
On appeal, the Court of Criminal Appeals held that it was without jurisdiction to consider Walker’s appeal from his new' sentence, and it issued an order dismissing Walker’s appeal. In reaching its determination, the Court of Criminal Appeals relied on its decision in Hart v. State, 939 So.2d 948, 950 (Ala.Crim.App.2005) (holding that because the Court of Criminal Appeals had no statutory authority to review an appeal from a circuit court’s ruling vacating a sentence of death and imposing a sentence of life imprisonment without the possibility of parole, the appeal had to be dismissed).[1] Walker then petitioned this Court for certiorari review.

Standard of Review

“ ‘This Court reviews pure questions of law in criminal cases de novo.’ ” Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

*1250
Discussion

Walker contends, and the State agrees, that the Court of Criminal Appeals had jurisdiction to consider his appeal from the judgment and the new sentence imposed at the sentencing hearing conducted after the circuit court granted Walker’s request for postconviction relief, pursuant to Rule 32, Ala. R.Crim. P., from an illegal sentence.
■ Before this Court can address the Court of Criminal Appeals’ jurisdiction to entertain Walker’s appeal from his new sentence, we must consider the meaning of the circuit court’s grant of Rule 32 relief in the form of a new sentencing hearing.
Rule 32.1, Ala. R.Crim. P., sets forth the scope of the remedy a circuit court can provide in response to a petition for postconviction relief, stating:
“Subject to the limitations of Rule 32.2, any defendant who has' been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
“(a) The constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.
“(b) The court was without jurisdiction to render judgment or to impose sentence.
“(c) The sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law.
“(d) The petitioner is being held in custody after the petitioner’s sentence has expired.
“(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court ...
“(f) the petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner’s part.”
Rule 32.1(b) permits a circuit court to grant a Rule 32 petitioner relief from an illegal sentence by authorizing the circuit court, without disturbing the underlying conviction, to vacate the petitioner’s sentence and order a new sentencing hearing. When a Rule 32 court grants a petitioner relief from an illegal sentence by ordering a new sentencing hearing, the Rule 32 court, without disturbing the conviction, returns jurisdiction over the underlying criminal matter to the trial court for the purpose of conducting a new sentencing hearing and pronouncing a new sentence. The Rule 32 court’s grant of a new sentencing hearing revives the underlying criminal matter, authorizing the trial court to conduct a sentencing hearing, independent of the Rule 32 action, and to resen-tence the defendant, if appropriate. Cf. Magwood v. Patterson, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010)(recog-nizing that the granting of habeas relief under 28 U.S.C. § 2254(b) invalidates the judgment authorizing confinement and provides the State with the opportunity to seek a new judgment through a new trial or a new sentencing proceeding).
Judge Welch dissented from the Court of Criminal Appeals’ order dismissing Walker’s appeal. This Court has considered the argument made by Judge Welch in his dissent that a circuit court’s order granting a Rule 32 petitioner post-conviction relief from an illegal sentence and ordering a new sentencing hearing is interlocutory and is not final until after the trial court has conducted the new sentencing hearing and resentenced the petitioner. Judge Welch maintains that, after the petitioner has been resentenced, the order granting Rule 32 relief becomes final, and *1251 the petitioner may appeal the decision on the Rule 32 petition and his or her new sentence. The determination to grant or to deny postconviction relief and the propriety of the new sentence, however, are two distinct judicial matters. The petitioner’s new sentence is the result of a complete and independent proceeding, and the legality of the new sentence is not the subject of the Rule 32 proceeding in which the new sentencing hearing was granted. Indeed, the grounds with regard to the legality of the new sentence were not pleaded in the Rule 32 petition; therefore, to hold that the grant of postconviction relief is interlocutory and that appellate review of that action is not proper until after the new sentence is pronounced would extend the scope of a decision on a Rule 32 petition and its appellate review beyond the parameters provided in the Alabama Rules of Criminal Procedure. Dunaway v. State, [Ms. CR-06-0996, Dec. 18, 2009] — So.3d —,—(Ala.Crim.App.2009)(“This issue was not raised in Dunaway’s consolidated amended Rule 32 petition. Therefore, it is not properly before this Court.”); Hooks v. State, 21 So.3d 772, 795 (Ala.Crim.App.2008) (“These claims were not raised in Hooks’s third amended postconviction petition. They are raised for the first time on appeal; thus, they are not properly before this Court.”).
Now, this Court must determine the appropriate procedure by which a defendant can appeal the legality of a sentence that is imposed at a sentencing hearing conducted after the circuit court has granted the defendant postconviction relief from an illegal sentence.
A defendant’s right to appeal in a criminal case is provided in § 12-22-130, Ala. Code 1975, which states:
“A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court.”
See Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App.1980) (“Appeals lie only from judgments of conviction.”). Rule 26.2(b)(1), Ala. R.Crim. P., states:
“Upon a determination of guilt on any charge, or on any count of any charge, judgment pertaining to that count or to that charge shall be 'pronounced and entered together with the sentence. Pronouncement of judgment may be delayed if necessary until such time as sentence can be pronounced.”
(Emphasis added.)
Subsections (a) and (b) of Rule 26.9, Ala. R.Crim. P., provide that a trial court shall pronounce a judgment of conviction and a sentence in open court. Rule 26.9(b)(4) provides that, at the time of the pronouncement of sentence, the trial court shall inform the defendant of the defendant’s right to appeal.
In Ex parte Eason, 929 So.2d 992 (Ala.2005), this Court considered whether a conviction and sentence were ripe for appeal when the record indicated that the trial court had not expressly adjudicated a defendant guilty of the offense. In considering the issue, we noted that the Committee Comments to Rule 26.1, Ala. R.Crim. P., state:
“ ‘There is no absolute requirement in Alabama that the court enter a formal adjudication of guilty upon the record where the sentence is in compliance with a verdict of guilty, the reasoning being that a judgment of guilt is implied from the sentence. Thames v. State, 12 Ala.App. 307, 68 So. 474 (1915); Shirley v. State, 144 Ala. 35, 40 So. 269 (1906); *1252 Driggers v. State, 123 Ala. 46, 26 So. 512 (1898).’ ”
929 So.2d at 994. We stated:
“Because a judgment of conviction does not have to be phrased in formal language or include particular words of adjudication, we hold that if the record is clear that the trial court intended to adjudicate a defendant guilty and the sentence order necessarily involves the substance of the adjudication, then a judgment of conviction has been entered and the defendant may appeal.”
929 So.2d at 995. In other words, a judgment of conviction, which is a necessary indicator that a case is ripe for appeal, consists of a determination of guilt of the offense and a pronouncement of sentence. Because the record in Eason indicated that a judgment of conviction had been entered, albeit implicitly, this Court held that Eason’s conviction and sentence were ripe for appeal.
A reading of our statutes, rules, and easelaw establishes that a judgment of conviction as required in § 12-22-130, Ala. Code 1975, for determination that a defendant’s conviction of a criminal offense is ripe for appeal consists of the pronouncement of both a determination of a defendant’s guilt and a sentence. When both a determination of guilt and a sentence are evident from the record, a judgment of conviction is set forth, and a defendant’s case is ripe for appeal. Cf. Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937) (noting that, in a criminal case, the final judgment includes the sentence); Miller v. Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702 (1933).
Walker contends, and the State agrees, that a judgment of conviction was entered at the sentencing hearing in this case and, consequently, that Walker’s new sentence was ripe for appeal to the Court of Criminal Appeals. The record establishes that, at the sentencing hearing, the trial court reaffirmed its determination of guilt and pronounced sentence; therefore, a judgment of conviction was entered. Walker properly gave notice of appeal at the sentencing hearing. The Court of Criminal Appeals had jurisdiction to consider Walker’s appeal from his new sentence.
This Court has considered the Court of Criminal Appeals’ reliance on Hart to support its conclusion that that court lacked jurisdiction over Walker’s appeal. We agree with Judge Welch that Hart is inap-posite. As Judge Welch observed, the holding in Hart is limited to the “unique set of procedural circumstances” in that case. 127 So.3d at 441. Hart, who was 16 years old when he committed capital murder, had been sentenced to death in 1990. In 2005 the United States Supreme Court decided Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which prohibited the imposition of a death sentence on any.individual who was under the age of 18 when the murder was committed. The Alabama Attorney General, pursuant to a writ of habeas corpus from a federal district court mandating that Hart be re-sentenced in light of Roper, petitioned the trial court to vacate Hart’s death sentence and to sentence him to life imprisonment without the possibility of parole.[2] Hart appealed his new sentence to the Court of Criminal Appeals, and that court dismissed the appeal, stating:
*1253 “[N]o statute ... allows Hart to appeal the circuit court’s ruling vacating his sentence of death and imposing a sentence of life imprisonment without the possibility of parole. Hart has already obtained appellate review of the proceedings that [led] to his capital-murder conviction.”
939 So.2d at 950.
The decision in Hart is limited to the unique facts of that particular case. Hart was a capital defendant, his death sentence had been invalidated by a United States Supreme Court decision, and he was re-sentenced at the request of the State, act-' ing pursuant to a federal court’s grant of habeas relief. Because of the specificity of the Roper decision and the statutory limitations in capital sentencing, the trial court did not have any discretion in resentencing Hart and sentenced him to the only available sentence provided by law. See Roper and § 13A-5-45, Ala.Code 1975.
The facts in this case are appreciably different from the facts in Hart. Unlike the trial court in Hart, the trial court in this case conducted a new sentencing hearing, pronounced Walker guilty of second-degree receiving stolen property, exercised its discretion in resentencing Walker, and ordered Walker to serve 10 years’ imprisonment. Walker’s new sentence was the result of the trial court’s new assessment of the applicable sentencing, circumstances. The trial court’s exercise of discretion creates a significant difference between the facts in Hart and in this case, and due process mandates that Walker have an opportunity to appeal his new sentence.

Conclusion

Based on the foregoing, the judgment of the Court of Criminal Appeals is reversed and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.*
MOORE, C.J., and BOLIN, PARKER, MURDOCK, WISE, and BRYAN, JJ., concur.
SHAW, J., concurs in the result.
MAIN, J., recuses himself.

. In a footnote, the Court of Criminal Appeals stated that Walker could challenge the legality of his new sentence by filing another Rule 32 petition.

. The only two sentences available in Alabama for a defendant who has been convicted of capital murder are death and life imprisonment without the possibility of parole. See § 13A-5-45, Ala.Code 1975.

 Note from the reporter of decisions: On April 2, 2014, on remand from the Supreme Court, the Court of Criminal Appeals reversed and remanded by order.