MURDOCK, Justice.
This Court issued a writ of certiorari to review the Court of Criminal .Appeals’ decision that it did not fiave jurisdiction to entertain an appeal from a new sentence imposed on remand following its reversal of a conviction. We reverse and remand.

Facts and Procedural History

James Linden Sheffield was indicted on two counts of reckless murder, see Ala. *912 Code 1975, § 13A-6-2(a)(2), for intentionally setting fire to a cushion he had placed underneath a house that caused a house to catch fire, killing two persons inside the house. Sheffield was convicted, of reckless murder on count I (for the death of Charles Edward Morrow, Jr.) and of the lesser-included offense of manslaughter on count II (the death of Charles Edward Morrow III). He wás sentenced to 50 years in prison on' the reckless-murder conviction and to 17 years on the manslaughter conviction, the sentences to run consecutively. Sheffield appealed.
On appeal, the Court of Criminal Appeals affirmed the manslaughter conviction on count II but reversed the reckless-murder conviction on count I and remanded the case for the circuit court to eriter a judgment finding Sheffield guilty of manslaughter on count I and to resentence Sheffield accordingly, Sheffield v. State, 87 So.3d 607 (Ala.Crim.App.2010),
On remand, the circuit court complied with the Court of Criminal Appeals’ order and entered a. judgment convicting Sheffield of manslaughter as to count I. The circuit court then sentenced Sheffield to 17 years’ imprisonment for his conviction •ion count I, the sentence to run consecutively to Sheffield’s 17-year sentence on his count II manslaughter conviction.
Sheffield appealed, challenging the sentencing order and contending that the circuit court erred when it imposed consecutive sentences for multiple convictions arising out of a single act. The Court of' Criminal Appeals dismissed the appeal on the basis that it lacked jurisdiction to hear an appeal from a sentencing order such as the one at issue here. The Court of Criminal Appeals cited Hart v. State, 939 So.2d 948, 950 (Ala.Crim.App.2005), but, as discussed below, that case is inap-posite to the present case. Sheffield then petitioned this Court for certiorari review, which we granted.

Standard of Review

‘“This Court reviews pure questions of law in criminal cases de novo.’” Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1069 (Ala.2003)).

Discussion

Sheffield contends, and the State agrees, that the Court of Criminal Appeals had jurisdiction to consider Sheffield’s appeal challenging the new sentence imposed by the circuit court on remand. We agree.
In dismissing Sheffield’s appeal, the Court of Criminal Appeals cited Hart for the proposition that there is no authority to appeal a sentencing order separately from a judgment of conviction. A,s -this Court recently discussed in Ex parte Walker, 152 So.3d 1247 (Ala.2014), Hart must be limited to the unique procedural posture of that case: an appeal from a particular sentence specifically required of a state court by a federal court in a habeás corpus proceeding.[1]
In contrast, the present case involves a new judgment entering not only a conviction, but also a new sentence imposed in the circuit court’s discretion for the first time. It matters not that Sheffield’s present appeal .challenges only the sentence and not the newly entered conviction. Cur courts routinely have entertained criminal *913 appeals challenging only the sentence. See, e.g., Ex parte Dixon, 804 So.2d 1075, 1078 (Ala.2000) (appellate review of sentence after guilty plea); Marshall v. State, 25 So.3d 1183 (Ala.Crim.App.2008). See also, e.g., Ex parte McKelvey, 630 So.2d 56 (Ala.1992) (holding that an improper sentence can be challenged on direct appeal).[2]
Unlike Hart, this appeal is Sheffield’s first opportunity to address with an appellate court the propriety of the particular sentence at issue—a sentence that only now has been decided upon and entered by any court.

Conclusion

Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals dismissing Sheffield’s appeal, and we remand-the case for the Court of Criminal Appeals to consider the merits of the claims raised in the appeal.[3]
REVERSED AND REMANDED. 
MOORE, C.J., and STUART, BOLIN, PARKER, SHAW, and BRYAN, JJ., concur. ,
MAIN and WISE, JJ., recuse themselves. **

. Hart was sentenced to death for a capital murder committed while he was less than 18 years old. Several years later, the United States Supreme Court held in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), that juveniles were not eligible for the death penalty. Based on Roper, a federal district court, on habeas review, ordered the state circuit court to enter a new sentencing order sentencing Hart to life imprisonment without the possibility of parole.

. The Committee Comments to Rule 26.1, Ala. R.Crim. P., noté that "Alabama decisions define judgment to mean the 'decision or sentence of the law, pronounced by the court.” See Evans v. State, 36 Ala.App. 145, 53 So.2d 764 (1951) (holding that it is required that the judgment entry include the sentence imposed); Committee Comments to Rule 26.2 (citing Evans to same effect). Rule 4(b)(1), Ala. R.App. P., provides that a Aotice of appeal in a criminal case must be filed within 42 days after pronouncement of the sentence.

. We express no opinion on the merits of those claims. That question should be addressed by the lower appellate court in the first instance.