**In re UNITED STATES of America, Petitioner.**

No. 90–5231.

United States Court of Appeals, Eleventh Circuit.

April 6, 1990.

Dexter W. Lehtinen, U.S. Atty., Dawn Bowen, Asst. U.S. Atty., Miami, Fla., for U.S.

Richard C. Klugh, Asst. Federal Public Defender, Miami, Fla., for respondent.

Before TJOFLAT, Chief Judge, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

On August 22, 1989, the district court granted defendant Kramer Doss Robertson's Rule 35(b) motion to reduce his sentence.[1] The United States of America, petitioner, requests this court to issue a writ of mandamus to the district court, directing it to vacate that order and reinstate Robertson's original sentence. We deny the petitioner's request.

Robertson was indicted on five counts of bank robbery in violation of 18 U.S.C. § 2113(a) (1988), and on March 12, 1987, he pled guilty to all five counts. At sentencing on April 13, 1987, however, the court noted that each count related to a different bank robbery but that all five counts were contained in one indictment. The court stated that the Government should have prepared five indictments; therefore, the court sentenced Robertson only on count I of the indictment. Robertson received a sentence of twelve-years imprisonment and was ordered to make restitution in the amount of $13,865.

On May 25, 1988, the Government moved the court to sentence Robertson on counts II through V, but the court, on June 26, 1989, dismissed those counts, holding that the passage of time violated Robertson's sixth amendment right to a speedy sentenc-

ing. On July 17, 1989, Robertson filed a motion, pursuant to former Fed.R.Crim.P. 35(b),[2] to reduce his sentence on count I. The court granted this motion on August 22, 1989, and reduced Robertson's sentence to time served. The Government, arguing that the court was without jurisdiction to reduce Robertson's sentence under Rule 35(b), moved the court to reconsider its order. The court denied the Government's motion to reconsider, and the Government now petitions this court for a writ of mandamus directing the district court to vacate its order reducing Robertson's sentence and to reinstate Robertson's original sentence.

■ Rule 35(b) provides that a *motion to* reduce a sentence must be made within 120 days of imposition of sentence. The time period is jurisdictional; consequently, a court may not extend the 120–day period and is without jurisdiction to entertain a Rule 35(b) motion filed after the period expires. *See United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979).

■ In this case, sentence was imposed on count I on April 13, 1987, but Robertson did not file his Rule 35(b) motion until July 17, 1989—over two years later. Robertson asserts, however, that sentence was not imposed, for purposes of Rule 35(b), until June 26, 1989, when the district court dismissed the remaining four counts of the indictment. Therefore, according to Robertson, his Rule 35(b) motion was timely. We agree.

■ Rule 35(b) states that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the *judgment* or dismissal of the appeal." (Emphasis added.) The rule clearly indi-

---

1. Because Robertson's offense was committed prior to November 1, 1987, we apply former Fed.R.Crim.P. 35(b), which provided that "[a] motion to reduce sentence may be made, or the court may reduce a sentence without motion,

within 120 days after the sentence is imposed." In this opinion, we refer to this rule as "Rule 35(b)."

2. *See supra* note 1.

cates that sentence is imposed when the sentencing order is an appealable final judgment. To reach a different conclusion, we would have to hold that there may be times when a sentence is imposed, a defendant is incarcerated, and the defendant *must* file his Rule 35(b) motion *before* he may appeal his sentence. This we cannot do: the rule allows a defendant to file his motion *after* the district court's judgment has been affirmed on appeal. Thus, sentence is imposed for the purposes of Rule 35(b) when the sentencing order constitutes a final, appealable order.

■ A final, appealable order is one that has "a final and irreparable effect on the rights of the parties." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). In the context of sentencing orders, our predecessor circuit has held that, when a defendant is sentenced on fewer than all of the counts on which the defendant is convicted, the order is not final for purposes of appeal. *See United States v. Wilson,* 440 F.2d 1103, 1104-05 (5th Cir. 1971).[3] Only when the defendant is sentenced on all counts on which he is convicted (or when the convictions on the other counts are otherwise disposed of) does the order become final and appealable. *See id.* at 1105.[4]

In this case, Robertson pled guilty to five counts of bank robbery but was sentenced on only one count. Under this circuit's precedent, Robertson clearly could not appeal the initial sentencing order of April 13, 1987. In fact, Robertson could not appeal until the district court disposed of the remaining four counts on June 26, 1989. Thus, sentence was imposed, for purposes of Rule 35(b), on June 26, 1989, and Robertson's Rule 35(b) motion on July 17, 1989, fell within the 120-day jurisdictional time

limit. We therefore DENY the Government's petition for a writ of mandamus.

IT IS SO ORDERED.

---

3. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4. If we were writing on a clean slate, we might come to a different conclusion. An appealable order is one that finally and irreparably affects the rights of parties, and, in our view, each count on which a defendant is convicted should constitute a separate case, which is brought to a conclusion by sentencing. We are not at liberty, however, to so hold.