[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16407
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60120-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND BORDEI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 18, 2013)

Before PRYOR, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Roland Bordei used pinhole cameras to record automated teller machine ("ATM") customers entering their personal identification numbers ("PINs"). A jury convicted Bordei of aggravated identity theft, in violation of 18 U.S.C. § 1028A, and possessing device-making equipment with intent to defraud, in violation of 18 U.S.C. § 1029(a)(4). On appeal, Bordei first contends that the district court erred by denying his motion for judgment of acquittal because insufficient evidence supports his conviction for aggravated identity theft. Second, Bordei contends that the district court incorrectly calculated his sentence for possessing device-making equipment. After addressing a threshold jurisdictional question, we affirm.

## I. We have jurisdiction to hear this appeal.

Although neither party raises the issue, we must first consider the threshold question of whether we have jurisdiction on appeal. We review jurisdictional questions de novo. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). A judgment is final and appealable when all of the counts of conviction have been sentenced or otherwise disposed of by the court. *In re United States*, 898 F.2d 1485, 1487 (11th Cir. 1990) (*citing United States v. Wilson*, 440 F.2d 1103, 1104-05 (5th Cir. 1971)).

Bordei was indicted on five counts; but, the Government only proceeded to trial on two of the five counts (counts one and four). The record does not show

2

that the remaining counts (counts two, three, and five) were resolved.  Ordinarily, this would preclude our entertaining jurisdiction.  *Id.*  However, both parties agree that these counts have actually been resolved and only remain because of a docketing error.  Furthermore, the record shows that the Defendant, the Government, and the district court believed these counts had been resolved.  (Dkt. 66; 76-2.)  In light of this agreement and clear record, we conclude that we have jurisdiction, and will remand to the district court for the limited purpose of amending the judgment to expressly dismiss the indictment's three remaining counts.

## II. Sufficient evidence supports Bordei's aggravated identity theft conviction.

Bordei contends that the district court erred in denying his motion for judgment of acquittal because insufficient evidence supports the aggravated identity theft conviction.  We review de novo the denial of a motion for judgment of acquittal.  *United States v. Gari*, 572 F.3d 1352, 1359 (11th Cir. 2009).  When reviewing for sufficiency of the evidence, we view the evidence in the light most favorable to the government and resolve all reasonable inferences and credibility evaluations in favor of the jury's verdict.  *United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011) (citation omitted), *cert. denied*, 132 S. Ct. 1648 (2012).

For an aggravated identity theft conviction, the government must show that the defendant possessed a victim's PIN.  *See* 18 U.S.C. § 1028A(a)(1).  At trial, the

3

Government presented evidence that Bordei used a pinhole camera to record victim Anthony DeLuca entering his PIN. Bordei contends he did not possess DeLuca's PIN because the top three numbers of the ATM keypad were not visible in the pinhole camera recording and the Government never confirmed with DeLuca that the captured PIN was accurate.

Despite Bordei's contentions, sufficient evidence supports the jury's verdict. First, while the top numbers of the keypad were obscured in the camera recording, the evidence established that the ATM used a standard keypad format and that the top keys were numbers 1, 2, and 3. The Government also presented the video recording from the pinhole camera showing the layout of the keypad and the victims entering their PINs. Furthermore, Secret Service agent Thomas Johnson reviewed the footage while testifying at trial and was able to identify the PINs based on the keypad layout and which button a victim pressed. Second, although the Government never confirmed with DeLuca that the captured PIN was accurate, the Government did introduce evidence showing DeLuca successfully made a withdrawal from the ATM. This successful transaction supports a strong inference that the PIN DeLuca entered was accurate. Thus, sufficient evidence supports the jury's verdict, and the district court did not err in denying Bordei's motion for judgment of acquittal.

## III. The evidence supports a six level sentence enhancement.

Bordei contends that the district court erred by applying a six level sentence enhancement based on a calculated loss of 89 stolen PINs. Because calculations of loss involve both factual and legal issues, we review the district court's factual determinations for clear error and its application of the guidelines de novo. *See United States v. Gupta* (*Gupta II*), 572 F.3d 878, 887 (11th Cir. 2009).

Like Bordei's previous argument, Bordei contends that these PINs were not stolen since the top three numbers were obscured. We conclude that the evidence supports the district court's loss calculation for the reasons previously stated.[1]

## IV. Conclusion

In conclusion, we affirm Bordei's convictions and sentences and remand for the limited purpose of allowing the district court to correct the judgment to reflect the dismissal of counts two, three, and five.

AFFIRMED in part and REMANDED in part.

---

[1] Although Bordei does not raise the issue, the Government did mention in its brief that the correct number of stolen PINs should be 61, not 89. According to the Government, the 28 PINs constituting the difference were captured at a different ATM and were unrelated to this indictment. Even though 61 PINs, rather than 89, were captured by the pinhole cameras, this error is harmless because a loss calculation using 61 PINs still results in a six level enhancement. *United States v. Foley*, 508 F.3d 627, 634 (11th Cir. 2007); *see* U.S.S.G. § 2B1.1(b)(1)(D). As the error did not affect the sentence imposed, remand is unnecessary. *Williams v. United States*, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120-21 (1992).