PARKER, Justice.
Michael Brandon Kelley petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals' decision affirming the judgment of the St. Clair Circuit Court ("the trial court") sentencing Kelley to death for his convictions for two counts of murder made capital pursuant to §§ 13A-5-40(a)(1) and (8), Ala.Code 1975, and sentencing Kelley to life imprisonment for his conviction for one count of sexual torture, see § 13A-6-65.1, Ala.Code 1975. Kelley v. State, 246 So.3d 1032 (Ala.Crim.App.2014). We granted Kelley's petition solely to determine whether the Court of Criminal Appeals lacked jurisdiction to review Kelley's sexual-torture conviction. We reverse in part and remand.
Facts and Procedural History
The factual basis for Kelley's convictions is set out in detail in the Court of Criminal Appeals' decision. The following procedural history is pertinent to our review.
On September 2, 2010, a jury convicted Kelley of murder made capital because it was committed during the course of a first-degree kidnapping, see § 13A-5-40(a)(1), Ala.Code 1975; murder made capital because it was committed during the course of sexual abuse, see § 13A-5-40(a)(8), Ala.Code 1975; and sexual torture, see § 13A-6-65.1, Ala.Code 1975. Following the penalty phase of Kelley's trial, the jury recommended that Kelley be sentenced to death.
On November 18, 2010, the trial court conducted a sentencing hearing. After receiving evidence and considering arguments *1070 from both sides, the trial court stated on the record that it found Kelley guilty of both counts of capital murder and sentenced Kelley to death. It is undisputed, however, that the trial court did not state on the record that it found Kelley guilty of sexual torture and did not state on the record a sentence for Kelley's sexual-torture conviction. Nonetheless, that same day, November 18, 2010, the trial court entered a written order sentencing Kelley to death for the capital-murder convictions and purporting to sentence Kelley to life imprisonment for his sexual-torture conviction.
On February 2, 2011, Kelley filed a notice of appeal to the Court of Criminal Appeals. The notice-of-appeal form asks Kelley, in part, to "LIST EACH CONVICTION BELOW." In response, Kelley listed "CAPITAL MURDER (2 Counts)." Kelley did not list the sexual-torture conviction, and no reference to that conviction appears on his notice of appeal.
In Kelley's brief before the Court of Criminal Appeals, Kelley did not allege any error regarding his sexual-torture conviction. Similarly, in its brief before the Court of Criminal Appeals, the State did not request that the Court of Criminal Appeals affirm Kelley's sexual-torture conviction. Nonetheless, the Court of Criminal Appeals affirmed both of Kelley's capital-murder convictions and his conviction for sexual torture.
Kelley filed an application for rehearing in the Court of Criminal Appeals, alleging, among other things, that the Court of Criminal Appeals did not have jurisdiction to affirm his conviction for sexual torture. Kelley argued that a sentence was never pronounced for his sexual-torture conviction and that, therefore, "jurisdiction over the sexual torture conviction remain[ed] in the circuit court." Kelley also argued that the Court of Criminal Appeals' lack of jurisdiction over Kelley's sexual-torture conviction was the reason he did not appeal that conviction.
On September 5, 2014, the Court of Criminal Appeals denied Kelley's application for rehearing, withdrew its March 14, 2014, opinion, and substituted a new opinion. In its new opinion, the Court of Criminal Appeals addressed Kelley's allegation that he had never been sentenced for his sexual-torture conviction in a footnote, as follows: "On rehearing, Kelley argues that this Court lacks jurisdiction to review his conviction for sexual torture because he was never sentenced in relation to that conviction. Kelley's argument is refuted by the record. (C. 322-24.)" 246 So.3d at 1037 n. 1. The citation to the record provided by the Court of Criminal Appeals in that footnote refers to the trial court's written order purporting to sentence Kelley to life imprisonment for his sexual-torture conviction. The Court of Criminal Appeals did not provide any other analysis of Kelley's argument that the Court of Criminal Appeals lacked jurisdiction to review Kelley's conviction for sexual torture.
Kelley then filed with this Court a petition for a writ of certiorari. In the first ground asserted in his petition as a basis for issuing the writ, Kelley alleged that the Court of Criminal Appeals lacked jurisdiction to affirm his sexual-torture conviction and thus that its decision conflicted with prior decisions of this Court and of the Court of Criminal Appeals. We granted Kelley's petition for certiorari review solely to address that first ground.
Standard of Review
A claim that a court lacks jurisdiction presents a question of law, which this Court reviews de novo. See Sheffield v. State, 194 So.3d 911, 912 (Ala.2014) (applying a de novo standard of review when determining whether the Court of Criminal Appeals had jurisdiction to consider an *1071 appeal), and Ex parte Walker, 152 So.3d 1247 (Ala.2014) ; see also Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (" 'This Court reviews pure questions of law in criminal cases de novo.' " (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003) )).
Discussion
Kelley alleges that the Court of Criminal Appeals lacked jurisdiction to affirm his sexual-torture conviction because, he argues, his sexual-torture conviction was not ripe for appeal. We agree.
In Alabama, the right to appeal a conviction is specifically provided for in § 12-22-130, Ala.Code 1975:
"A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court."
Under § 12-22-130, appeals lie only from a "judgment of conviction." Ex parte Eason, 929 So.2d 992, 993 (Ala.2005) ; Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App.1980). A judgment of conviction consists of the pronouncement of both a determination of a defendant's guilt and a sentence. Ex parte Walker, 152 So.3d at 1252. Absent a judgment of conviction, a conviction is not ripe for appeal. Id.
Kelley alleges that no judgment of conviction was entered on the sexual-torture conviction because, he argues, the trial court did not pronounce a sentence on that conviction. After reviewing the transcript from Kelley's sentencing hearing, we agree. " ' "Pronounce" is "to utter officially or ceremoniously." Webster's Third New International Dictionary, G. & C. Merriam Co. 1971. "Utter" is defined as "to send forth as a sound: give out in an audible voice." Id.' " King v. State, 862 So.2d 677, 678 (Ala.Crim.App.2003) (quoting Hill v. State, 733 So.2d 937, 939 (Ala.Crim.App.1998) ). It is undisputed that, during Kelley's sentencing hearing, the trial court did not mention Kelley's sexual-torture conviction; the trial court did not pronounce a determination of guilt as to that conviction or a sentence. Thus, a judgment of conviction was not entered as to that offense. See Ex parte Walker, supra (defining a judgment of conviction as the pronouncement of both a determination of a defendant's guilt and a sentence). Because a judgment of conviction was not entered for that offense, Kelley's sexual-torture conviction was not ripe for appeal. See id.
The State argues that the trial court's failure to pronounce a sentence on Kelley's sexual-torture conviction did not deprive the Court of Criminal Appeals of jurisdiction to consider an appeal of that conviction. Specifically, the State argues 1) that Kelley failed to preserve the issue whether the trial court had pronounced a sentence on his sexual-torture conviction; 2) that the trial court's failure to pronounce a sentence on Kelley's sexual-torture conviction did not affect the jurisdiction of the Court of Criminal Appeals as this Court defined jurisdiction in Ex parte Seymour, 946 So.2d 536 (Ala.2006) ; and 3) that the trial court's failure to pronounce a sentence on Kelley's sexual-torture conviction was merely a procedural defect. State's brief, at pp. 8, 12, 15. We address each argument in turn.
We first address the State's allegation that Kelley failed to preserve the issue whether the trial court pronounced a sentence on his sexual-torture conviction. As explained above, the pronouncement of a sentence for a conviction affects the jurisdiction of the Court of Criminal Appeals because, without such a pronouncement, a judgment of conviction has not been entered. "[J]urisdictional matters are of *1072 such magnitude that we take notice of them at any time and do so even ex mero motu. Horn v. Dunn Brothers, Inc., 262 Ala. 404, 79 So.2d 11 (1955)." Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). Thus, even assuming, for the sake of argument, that Kelley failed to preserve the issue whether the trial court pronounced a sentence on his sexual-torture conviction, that issue is properly before this Court.
Next, the State alleges that the trial court's failure to pronounce sentence does not "affect the [Court of Criminal Appeals'] power and authority to hear Kelley's appeal." State's brief, at p. 15. In support of this argument, the State cites this Court's decision in Ex parte Seymour, supra, in which we defined jurisdiction as follows:
"Jurisdiction is '[a] court's power to decide a case or issue a decree.' Black's Law Dictionary 867 (8th ed.2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (' "By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought." ' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870) )). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court's 'statutory or constitutional power' to adjudicate a case)."
946 So.2d at 538.
The Court of Criminal Appeals has subject-matter jurisdiction to review a conviction for sexual torture. Section 12-3-9, Ala.Code 1975, provides that the Court of Criminal Appeals "shall have exclusive appellate jurisdiction of ... all felonies," and § 13A-6-65.1, Ala.Code 1975, provides that "the crime of sexual torture is a Class A felony." Yet, unless otherwise provided by law, the Court of Criminal Appeals does not have jurisdiction to review a conviction simply because that conviction falls within its subject-matter jurisdiction; instead, the jurisdiction of the Court of Criminal Appeals must be invoked. Ex parte Watkins, 268 Ala. 567, 570, 109 So.2d 671, 673 (1959) ("A court's jurisdiction and power until invoked lie dormant, and if the court proceeds in a manner in which its jurisdiction has not been invoked ... the proceedings are without jurisdiction.").
In the present case, Kelley could not invoke the jurisdiction of the Court of Criminal Appeals to review his sexual-torture conviction because a judgment of conviction was not entered for that offense. Moreover, as the State correctly points out, Kelley did not include his sexual-torture conviction in his notice of appeal as a conviction as to which he was seeking appellate review. State's brief, at p. 6. Thus, not only could Kelley not have appealed his sexual-torture conviction, but he also did not attempt to do so. Consequently, although the Court of Criminal Appeals has subject-matter jurisdiction to review a conviction for sexual torture, it did not have jurisdiction in the present case to review Kelley's sexual-torture conviction.
Next, the State alleges that the Court of Criminal Appeals had jurisdiction to review Kelley's sexual-torture conviction because, the State argues, the trial court's failure to pronounce sentence on that conviction was merely a procedural defect. State's brief, at p. 12. In support of this argument, the State cites our decision in Ex parte Eason, supra, and the Court of Criminal Appeals' decision in Hill v. State, 733 So.2d 937 (Ala.Crim.App.1998). The State's argument is unpersuasive.
First, Ex parte Eason is distinguishable from the present case. In Ex parte Eason, the trial court had sentenced the defendant *1073 to five years' imprisonment following a guilty plea, but it did not formally pronounce the defendant's guilt or enter a judgment of guilt. 929 So.2d at 992. This Court held that the trial court's entry of a sentence "adequately established that the trial court adjudicated [the defendant] guilty and that the conviction and sentence were ripe for appeal." 929 So.2d at 996. In so doing, this Court recognized the proposition that "a judgment by the [trial] court imposing sentence in accordance with a guilty verdict or a guilty plea sufficiently implies the judgment of guilt and serves as a judgment of conviction that will support an appeal." 929 So.2d at 995.
Thus, in Ex parte Eason, this Court held that a judgment of conviction is entered when the trial court enters a sentence that is consistent with a determination of guilt, even though that determination of guilt is not explicitly set out in the record. In the present case, however, the trial court failed to pronounce a sentence on Kelley's sexual-torture conviction. Furthermore, unlike the defendant in Ex parte Eason, Kelley did not admit guilt through a guilty plea. Therefore, Ex parte Eason does not stand for the proposition that a judgment of conviction is entered absent a trial court's pronouncement of sentence.
Additionally, in further distinguishing Ex parte Eason, we recognize that the trial court in the present case entered a written order purporting to sentence Kelley to life imprisonment for his sexual-torture conviction. However, " '[s]entence' means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty." Rule 26.1, Ala. R.Crim. P. Thus, according to the Alabama Rules of Criminal Procedure and the definition of the word "pronounce" set forth above, the trial court's written order was not the entry of a "sentence" sufficient to support a holding that a judgment of conviction was entered on Kelley's sexual-torture conviction.
Furthermore, the State's reliance on Hill, in light of this Court's decision in Ex parte Walker, is misplaced. In Hill, the trial court pronounced sentence in open court on two of the defendant's felony convictions but did not pronounce a sentence on the defendant's misdemeanor conviction. 733 So.2d at 938. Nonetheless, the trial court recorded a sentence for the misdemeanor on its case-action-summary sheet. On appeal, the defendant alleged, and the State agreed, that the trial court had violated Rule 26.9(b), Ala. R.Crim. P.,[1] by not pronouncing the defendant's sentence *1074 for the misdemeanor conviction. The Court of Criminal Appeals held that the trial court had violated the defendant's constitutional right to be present at the pronouncement of sentence and remanded the case for the trial court to pronounce sentence upon the defendant pursuant to Rule 26.9, Ala. R.Crim. P. 733 So.2d at 939.
The State correctly points out that, in Hill, the Court of Criminal Appeals did not hold that the trial court's failure to pronounce sentence deprived the Court of Criminal Appeals of jurisdiction. However, in Hill, the parties did not argue that the Court of Criminal Appeals did not have jurisdiction to hear the defendant's appeal, and the Court of Criminal Appeals did not raise and address that issue ex mero motu. Moreover, the Court of Criminal Appeals decided Hill before this Court explicitly set out the requirements for a judgment of conviction in Ex parte Walker. Accordingly, the State's reliance on Hill to demonstrate that the trial court's failure to pronounce both a determination of guilt and a sentence on Kelley's sexual-torture conviction was merely a procedural defect is misplaced.
The State makes a number of additional arguments in response to Kelley's petition that are unrelated to the issue whether the Court of Criminal Appeals had jurisdiction to review Kelley's sexual-torture conviction. Specifically, the State argues that Kelley invited any error the Court of Criminal Appeals committed by failing to include his sexual-torture conviction in his notice of appeal; that the plain-error standard of review under Rule 45A, Ala. R.App. P.,[2] does not apply to Kelley's sexual-torture conviction; and that, even if the plain-error standard of review applied to Kelley's sexual-torture conviction, Kelley did not satisfy the requirements under that standard. However, having concluded that the Court of Criminal Appeals lacked jurisdiction to review Kelley's sexual-torture conviction, we pretermit discussion of the State's arguments. " ' "[I]f a court ha[s] no jurisdiction, its action is void." ' Moore v. State, 596 So.2d 53, 54 (Ala.Crim.App.1991), quoting State v. Johns, 142 Ala. 61, 38 So. 755, 755 (1905), quoting in turn Church, Church On Habeas Corpus, § 245, n. 1." L.R.G. v. State, 996 So.2d 208, 210 (Ala.Crim.App.2008).
Finally, Kelley alleges that, because the Court of Criminal Appeals lacked jurisdiction to review his sexual-torture conviction, the Court of Criminal Appeals' opinion purporting to affirm that conviction is merely advisory and was ineffective to affirm his capital-murder convictions. Specifically, Kelley argues that the nonfinality of his sexual-torture conviction and the Court of Criminal Appeals' lack of jurisdiction to review that conviction rendered his entire case, including his two convictions for capital murder, not "ripe for appeal." Kelley's argument is unpersuasive.
In support of his argument that the Court of Criminal Appeals' decision is merely advisory, Kelley relies on Eubanks v. McCollum, 828 So.2d 935 (Ala.Civ.App.2002), Taylor v. Taylor, 398 So.2d 267 (Ala.1981), and In re United States of America, 898 F.2d 1485 (11th Cir.1990). Kelley cites Eubanks and Taylor for the proposition, set out in Taylor, that "an appeal will *1075 lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved." Taylor, 398 So.2d at 269. Kelley then quotes from In re United States, as follows:
"A final, appealable order is one that has 'a final and irreparable effect on the rights of the parties.' Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). In the context of sentencing orders, our predecessor circuit has held that, when a defendant is sentenced on fewer than all of the counts on which the defendant is convicted, the order is not final for purposes of appeal. See United States v. Wilson, 440 F.2d 1103, 1104-05 (5th Cir.1971).[3] Only when the defendant is sentenced on all counts on which he is convicted (or when the convictions on the other counts are otherwise disposed of) does the order become final and appealable. See id. at 1105.[4]
"____________________
"[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.
" [4] If we were writing on a clean slate, we might come to a different conclusion. An appealable order is one that finally and irreparably affects the rights of parties, and, in our view, each count on which a defendant is convicted should constitute a separate case, which is brought to a conclusion by sentencing. We are not at liberty, however, to so hold."
898 F.2d at 1487.
Eubanks is a decision from the Court of Civil Appeals arising from a tort action, 828 So.2d at 936, and Taylor is a decision by this Court affirming a trial court's judgment confirming the sale of land. 398 So.2d at 270. Thus, Eubanks and Taylor address the appealability of a final judgment in civil law. Neither case demonstrates that the Court of Criminal Appeals' lack of jurisdiction over a particular conviction deprives it of the power to adjudicate other convictions that are properly before it.[3]
Additionally, In re United States is a decision by the United States Court of Appeals for the Eleventh Circuit. "[T]his Court is not bound by decisions of the United States Courts of Appeals...." Ex parte Johnson, 993 So.2d 875, 886 (Ala.2008). Therefore, this Court is not required to follow the rule from In re United States set out above. Moreover, the Eleventh Circuit indicated that its decision was pursuant to its own precedent and that "if [it] were writing on a clean slate, [it] might come to a different conclusion." 898 F.2d at 1487. We have found no Alabama precedent requiring us to come to the same conclusion as the Eleventh Circuit. Accordingly, we see no reason to adopt the above-quoted rule from that court.
*1076 Consequently, Kelley's argument that the Court of Criminal Appeals' decision is merely advisory is unpersuasive.
Conclusion
The Court of Criminal Appeals lacked jurisdiction to review Kelley's sexual-torture conviction. However, Kelley's argument that lack of jurisdiction rendered the entirety of the Court of Criminal Appeals' opinion merely advisory is unpersuasive. Accordingly, we reverse the Court of Criminal Appeals' judgment insofar as it affirms Kelley's sexual-torture conviction, and we remand the case for proceedings consistent with this opinion.
REVERSED IN PART AND REMANDED.
MOORE, C.J., and STUART, BOLIN, MAIN, WISE, and BRYAN, JJ., concur.
MURDOCK, J., dissents in part and concurs in the result in part.
MURDOCK, Justice (dissenting in part and concurring in the result in part).
For a number of reasons, including the avoidance of more than one appeal arising from the same criminal case and the judicial inefficiencies resulting from such a scenario, as well as the uncertainties created for defendants as to when appeals must be filed, I believe that the rule recognized in United States v. Wilson, 440 F.2d 1103, 1104-05 (5th Cir.1971), and subsequently accepted in In re United States of America, 898 F.2d 1485 (11th Cir.1990), is sound. I therefore respectfully dissent insofar as the main opinion holds that Michael Brandon Kelley's convictions for capital murder were properly before the Court of Criminal Appeals, notwithstanding the lack of an entry of a final judgment by the trial court as to the companion charge of sexual torture.
I concur in the result achieved by the main opinion with respect to the reversal of the Court of Criminal Appeals' judgment as it relates to Kelley's sexual-torture conviction. I write separately as to that conviction to note that I am not persuaded that the present case, although distinguishable from Ex parte Eason, 929 So.2d 992 (Ala.2005), on other grounds, may be properly distinguished from Eason on the ground that Eason involved a guilty plea, whereas the present case involves a guilty verdict. Eason itself suggests the lack of such distinction. See Ex parte Eason, 929 So.2d at 995 ("[A] judgment by the court imposing sentence in accordance with a guilty verdict or a guilty plea sufficiently implies the judgment of guilt and serves as a judgment of conviction that will support an appeal." (emphasis added)).

Rule 26.9(b) provides:
"(b) Pronouncement of Sentence. In pronouncing sentence, the court shall:
"(1) Afford the defendant an opportunity to make a statement in his or her own behalf before imposing sentence.
"(2) State that a credit will be allowed on the sentence, as provided by law, for time during which the defendant has been incarcerated on the present charge.
"(3) Explain to the defendant the terms of the sentence.
"(4) Inform the defendant as to the defendant's right to appeal; provided, however, in cases in which the defendant has entered a plea of guilty, the court shall advise the defendant of his or her right to appeal only in those cases in which the defendant (i) has entered a plea of guilty, but before entering the plea of guilty has expressly reserved his or her right to appeal with respect to a particular issue or issues, or (ii) has timely filed a motion to withdraw the plea of guilty and the motion has been denied, either by order of the court or by operation of law. When informing the defendant of his or her right to appeal, the court shall also advise the defendant that if he or she is indigent, counsel will be appointed to represent him or her on appeal if the defendant so desires, and that a copy of the record and the reporter's transcript will be provided at no cost to the defendant for purposes of appeal, if the appeal is from a judgment and sentence of the circuit court."

Rule 45A provides:
"In all cases in which the death penalty has been imposed, the Court of Criminal Appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant."

We note that, under Alabama law, Kelley's capital-murder convictions were properly before the Court of Criminal Appeals. The trial court pronounced a determination of guilt and a sentence for each of Kelley's capital-murder convictions; therefore, a judgment of conviction issued for each of those convictions. Kelley then invoked the jurisdiction of the Court of Criminal Appeals by timely filing a notice of appeal that indicated that he was appealing his capital-murder convictions. Moreover, even if Kelley did not file a notice of appeal, the Court of Criminal Appeals automatically reviews a judgment of conviction in which the sentence of death has been imposed. § 13A-5-55, Ala.Code 1975 ("In all cases in which a defendant is sentenced to death, the judgment of conviction shall be subject to automatic review."); Beck v. State, 396 So.2d 645, 664 (Ala.1980) ("In Alabama, a sentence of death is automatically reviewed by the Court of Criminal Appeals....").