MENDHEIM, Justice.
*1047 Reginald Deshone Rogers petitioned this Court for a writ of certiorari on an issue of first impression: Whether the oral-pronouncement rule discussed in Ex parte Kelley, 246 So.3d 1068 (Ala. 2015), applies where a Uniform Traffic Ticket and Complaint ("UTTC") has been filed and thereafter purportedly disposed of by a municipal court magistrate based on a guilty plea pursuant to Rule 19(C)(1), Ala. R. Jud. Admin.[1] For the reasons hereinafter discussed, we quash the writ.
I. Facts and Procedural History
On March 17, 2016, a police officer for the City of Montgomery issued Rogers a UTTC for improper lights on his vehicle and a UTTC for driving without a license. The officer filed the UTTCs in the Montgomery Municipal Court. Each UTTC was assigned a separate case number. The UTTCs each stated that Rogers was to appear in municipal court on April 18, 2016.
Rule 19(C), Ala. R. Jud. Admin., states:
"(1) Defendant's Appearance, Plea, and Waiver of Trial. A defendant charged with a traffic infraction, which is included within an approved schedule of fines prescribed for magistrates in accordance with these Rules, may, within 7 days, or, in the discretion of the magistrate, not later than 24 hours before the court date shown on the ticket:
"(a) Appear in person before a magistrate, sign under the 'Plea of Guilty/Waiver of Rights' section on the back of, or accompanying, the ticket, or on a form provided by the magistrate, and pay the fine and costs; in such a case, the magistrate must retain a copy of the tickets or other such forms in either a paper or approved electronic format ...."
(Emphasis added.)
The record contains a "Plea of Guilty/Waiver of Rights" form that was filed in each of the cases.[2] Under the title of the form appears the preprinted language: "(Plea Entered Before Magistrate-Scheduled Traffic Offenses)." Each form states the respective offense and accompanying fine and court costs for the offense at issue, specifically, in Rogers's case, a fine of $75 plus court costs of $155 for driving without a license and a fine of $20 plus court costs of $155 for improper lights. The lower part of each form contains a section entitled "PLEA OF GUILTY - WAIVER OF RIGHTS," which states:
"I, the undersigned, do hereby enter my appearance on the offense charged within this complaint. I understand that I have certain constitutional rights which I will waive if I plead guilty, namely: the right to a trial before this court; the right to an attorney of my choice, or if I cannot afford one, one appointed by the court (however, I understand that I may be ordered to make reimbursement at a later date); the right at trial to subpoena witnesses on my behalf, to confront and cross-examine witnesses against me and to argue and make objections; and the right to testify *1048 in my own behalf. I also understand that I cannot be forced to testify against myself and that I am presumed innocent and that this presumption can be overcome only if the prosecution convinces the judge or jury of my guilt beyond a reasonable doubt.
"I understand my constitutional rights set out above and the punishment that will be imposed if I elect to plead guilty before a magistrate. I also understand that my plea of guilty will have the same force and effect as a judgment of conviction by the court and that a record of this conviction will be sent to the driver license division of the Alabama Department of Public Safety. ... I understand my rights and the matters set out above and hereby voluntarily and knowingly waive such rights by pleading guilty as evidenced by my signature below."
Rogers's signature appears on the signature line underneath the aforementioned section on each form, next to the inserted date "04/18/2016," i.e., the court date shown on his UTTCs.
Although Rogers, the City of Montgomery, and the Court of Criminal Appeals concluded that Rogers appeared before a magistrate in the cases, bench notes on the municipal court clerk's case-action-summary sheets for the respective cases state that Rogers "appear[ed] in open court in person and plead[ed] guilty" and that the municipal court entered a finding of guilt and imposed the aforementioned fines and court costs against Rogers in the respective cases. The case-action-summary sheets reflect that Rogers's guilty pleas were entered on April 18, 2016. The signature under the respective bench notes appears to be the signature of Montgomery Municipal Court Judge Lester Hayes, and the following appears under the signature line: "Judge/Magistrate Municipal Court."[3]
Rogers filed a notice of appeal to the Court of Criminal Appeals; the cases were apparently consolidated for purposes of appeal. Rogers's notice of appeal stated that the appeal was filed pursuant to Rule 30.2, Ala. R. Crim. P., which states: "An appeal from the district or municipal court shall go directly to the appropriate appellate court: (1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury ...." Rogers stated that he had waived his right to a jury trial and that "there is an adequate record available on appeal because the record is both accurate and complete." Rogers's notice of appeal also stated that he "pleaded guilty to [the] offenses and that the magistrate accepted his plea and assessed" the respective fines and court costs against him. The notice of appeal continued: "The magistrate's authority to assess fines and costs against Mr. Rogers is a question of law that can be resolved on the record available from the municipal court -- namely the ['Plea of Guilty-Waiver of Rights'] forms that indicate that Mr. Rogers pleaded guilty before a magistrate, who then imposed fines and costs on each ticket." Rogers contended that he should have been assessed court costs as to only one of the convictions because both offenses arose from the same incident.
Rogers filed an appellate brief with the Court of Criminal Appeals. His brief included arguments consistent with the arguments *1049 stated in his notice of appeal. Specifically, Rogers argued that the UTTCs arose from the same incident, that Alabama law prohibits the imposition of more than one court cost under such a circumstance, and that the municipal court magistrate exceeded his authority by assessing the court costs as to the second UTTC. Rogers made no argument that the procedures for the receipt and acceptance of his guilty pleas or the entry of the judgments against him were deficient or that he was prejudiced by any deficiency in those procedures.
The City of Montgomery also filed an appellate brief with the Court of Criminal Appeals. The City argued that Rogers had failed to preserve the issue as to court costs for appellate review and that, if he had preserved the issue, Alabama law supported the magistrate's imposition of court costs for each UTTC. In the midst of the former argument, the City acknowledged that the facts of Rogers's convictions were "not disputed." The City also made the following statement, which appears to confuse the issue whether an error has been preserved for review with the issue whether the record is adequate to support an appeal under Rule 30.2(1) : "[N]o adequate record exists and no adverse ruling was obtained against Rogers by a court." The City made no reference to Kelley.
In Rogers's reply brief, he asserted that the magistrate did not have authority to assess multiple court costs for multiple UTTCs arising from the same incident and that the second court-cost award implicated the municipal court's subject-matter jurisdiction because, he says, it was part of an unlawful sentence. Thus, according to Rogers, he was not required to preserve the issue of court costs in the municipal court proceedings.
In an unpublished order, the Court of Criminal Appeals determined that, based on Kelley, the record was not adequate to support appellate review and thus that the municipal court judgments would not support an appeal to the Court of Criminal Appeals under Rule 30.2(1). The Court of Criminal Appeals' unpublished order states:
"We conclude ... that the record before this Court is not adequate and we transfer this appeal to the circuit court for a trial de novo.
"In Ex parte Kelley, ... the Alabama Supreme Court held that an appeal directly to this Court or to the Alabama Supreme Court in a criminal case is not ripe unless a judgment of conviction has been uttered [orally]. Citing § 12-22-130, Ala. Code 1975, the Court first noted that an appeal may lie only from a judgment of conviction. The Court then explained that '[a] judgment of conviction consists of the pronouncement of both a determination of a defendant's guilt and a sentence.' Ex parte Kelley, 246 So.3d at 1071 (quoting Ex parte Walker, 152 So.3d 1247, 1252 (Ala. 2014) ). Next, the Court pointed out:
" ' " ' "Pronounce" is "to utter officially or ceremoniously." Webster's Third New International Dictionary, G. & C. Merriam Co. 1971. "Utter" is defined as "to send forth as a sound: give out in an audible voice." Id.' " King v. State, 862 So.2d 677, 678 (Ala. Crim. App. 2003) (quoting Hill v. State, 733 So.2d 937, 939 (Ala. Crim. App. 1998) ).'
" Ex parte Kelley, 246 So.3d at 1071. Thus, the Court in Ex parte Kelley held that 'to enter a judgment of conviction, the trial court must pronounce in open court both an adjudication of guilt and a sentence.' Benn v. State, 211 So.3d 857, 858 (Ala. Crim. App. 2016). The Court in Ex parte Kelley specifically noted that a written sentencing order imposing sentence was not sufficient to satisfy the *1050 requirement that an adjudication of guilt and a sentence be uttered [orally].
"....
"In this case, the record does not indicate whether the municipal magistrate pronounced in open court Rogers's adjudications of guilt and his sentences for each of his convictions. First, there is no transcript of the proceedings before the municipal magistrate indicating that the magistrate [orally] uttered judgments of conviction in open court. Second, although the case-action-summary sheets contain judgment entries by the municipal magistrate indicating that Rogers pleaded guilty in open court, those entries do not state whether or not the magistrate [orally] uttered judgments of conviction in open court. The judgment entries merely state what the judgment of the magistrate was. (C. 2; 'it is the judgment of the court that defendant is GUILTY and is fined 20.00 together with 155.00 cost') (C. 19; 'it is the judgment of the court that defendant is GUILTY and is fined 20.00 together with 155.00 cost'). Simply put, these entries are akin to the sentencing order in Ex parte Kelley that the Alabama Supreme Court held was not sufficient to constitute a judgment of conviction.
"Because the record does not indicate whether there are judgments of conviction, as defined in Ex parte Kelley, in this case, this Court cannot determine whether this appeal is ripe and, thus, whether we have jurisdiction to hear this appeal. Therefore, we conclude that the record is not adequate for an appeal directly to this Court under Rule 30.2(1)."
Rogers v. City of Montgomery, (No. CR-15-0905, 236 So.3d 147, October 13, 2016) (Ala. Crim. App. 2016) (unpublished order). The Court of Criminal Appeals' order purports to transfer the appeal to the Montgomery Circuit Court for a trial de novo pursuant to Rule 30.1, Ala. R. Crim. P.
Rogers filed an application for rehearing in the Court of Criminal Appeals, which was denied. Thereafter, this Court granted Roger's petition seeking certiorari review.
II. Standard of Review
It is well settled that "[t]he standard of review for pure questions of law in criminal cases is de novo. Ex parte Key, 890 So.2d 1056, 1059 (Ala. 2003)." Ex parte Lamb, 113 So.3d 686, 689 (Ala. 2011).
III. Analysis
A defendant may appeal a conviction from a municipal court directly to the Court of Criminal Appeals:
"(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or
"(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."
Rule 30.2, Ala. R. Crim. P.; see also Committee Comments to Rule 30.2 ("In certain instances, the appeal from a final judgment in the district court or municipal court lies directly to the appropriate appellate court and bypasses the circuit court."). See Ala. Code 1975, § 12-22-130 ("A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court.").
Although no transcript exists of the proceedings in the municipal court,[4] the record *1051 indicates that Rogers pleaded guilty before Judge Hayes rather than, or in addition to, pleading guilty before a magistrate; that judgments were entered by Judge Hayes in accordance with Rogers's guilty pleas; that the judgments imposed the fines and costs of which Rogers was aware when he pleaded guilty; and that Rogers disputed no material fact as to his convictions and sentencing. Further, Rogers asserted that the record he presented was adequate for purposes of appeal, and he waived any right he might have had to a jury trial. See Rule 18.1(a), Ala. R. Crim. P. Notwithstanding the foregoing, the Court of Criminal Appeals held that the record was inadequate for an appeal to that court because the record did not show that the convictions and sentences had been pronounced (i.e., uttered orally) in open court, as discussed in Kelley.
We note that Kelley is distinguishable from this case. In Kelley, Michael Brandon Kelley was convicted of two counts of capital murder and one count of sexual torture. The Court of Criminal Appeals affirmed Kelley's convictions. This Court granted certiorari review to address Kelley's sexual-torture conviction. We noted that
"[o]n November 18, 2010, the trial court conducted a sentencing hearing. After receiving evidence and considering arguments from both sides, the trial court stated on the record that it found Kelley guilty of both counts of capital murder and sentenced Kelley to death. It is undisputed, however, that the trial court did not state on the record that it found Kelley guilty of sexual torture and did not state on the record a sentence for Kelley's sexual-torture conviction. Nonetheless, that same day, November 18, 2010, the trial court entered a written order sentencing Kelley to death for the capital-murder convictions and purporting to sentence Kelley to life imprisonment for his sexual-torture conviction."
246 So.3d at 1069-70.
In his petition to this Court, Kelley contended that the Court of Criminal Appeals lacked jurisdiction to affirm his conviction for sexual torture because, he argued, the trial court had not entered a judgment of conviction. In addressing Kelley's argument, this Court stated:
"It is undisputed that, during Kelley's sentencing hearing, the trial court did not mention Kelley's sexual-torture conviction; the trial court did not pronounce a determination of guilt as to that conviction or a sentence. Thus, a judgment of conviction was not entered as to that offense. Because a judgment of conviction was not entered for that offense, Kelley's sexual-torture conviction was not ripe for appeal."
246 So.3d at 1071 (citation omitted).
Thus, in Kelley, Kelley actually challenged his conviction for sexual torture, and he relied upon a record that affirmatively demonstrated that the trial court did not orally pronounce a determination of guilt as to Kelley's sexual-torture conviction or his sentence for that offense. In the present case, however, Rogers has not challenged his conviction for either of the traffic offenses at issue; he has challenged only whether court costs can be imposed as to both offenses. More importantly, the record in the present case is silent as to whether an oral pronouncement was made by Judge Hayes as to Rogers's convictions and sentences.
It is well established that an appellate court "cannot assume error or presume the existence of facts as to which the record is silent." Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 176 (Ala. 2000). And an appellate court will not presume that an official has not followed the law.
*1052 See Ragland v. State, 187 Ala. 5, 9, 65 So. 776, 777 (1914) ; see also Ex parte Ward, 46 So.3d 888, 892 (Ala. 2007) ("[T]rial courts are presumed to know and to follow existing law.). It is also well settled that the issue of the finality of a judgment has jurisdictional implications on appeal and that an appellate court is "obliged to recognize an absence of subject-matter jurisdiction obvious from a record, petition, or exhibits to a petition before us." Ex parte Norfolk S. Ry., 816 So.2d 469, 472 (Ala. 2001). However, the record in the present case does not indicate an obvious lack of subject-matter jurisdiction. Instead, the Court of Criminal Appeals presumed the occurrence of the facts on which a jurisdictional error might be based and then used those presumed facts to conclude, based on Kelley, that the record on appeal was inadequate for purposes of Rogers's appeal directly to that court under Rule 30.2(1).
In Rogers's brief to this Court, he contends that the Kelley rule does not apply to his case. Rogers's brief, at p.7. The City of Montgomery contends that this case is distinguishable from Kelley. City's brief, at p.15 n.3. We agree that the present case can be distinguished from Kelley in certain respects, as noted above. Nevertheless, we do not reach the merits of the issue whether a failure to comply with the oral-pronouncement rule discussed in Kelley affected the finality of the judgments against Rogers.[5] Those circumstances are not presented by the record before us, and, even if they were, we did not grant the writ of certiorari to consider the issue whether the oral-pronouncement rule applies to a plea of guilty to a UTTC entered and accepted by a municipal court judge on the appearance date as stated on the UTTCs. We granted the writ to consider the issue framed by Rogers's petition: Whether the oral-pronouncement rule applies to a guilty plea accepted by a municipal court magistrate under the expedited procedures provided by Rule 19(C), Ala. R. Jud. Admin., a factual predicate the record reflects is inaccurate.
Rule 39(a)(1)(C), Ala. R. App. P., states that this Court may grant a petition for writ of certiorari "[f]rom decisions where a material question requiring decision is one of first impression for the Supreme Court of Alabama." In light of the record before us, the question as framed by Rogers in his petition is not a material question requiring decision by this Court, but a hypothetical question based on facts contrary to the record.
IV. Conclusion
Based on the foregoing, we quash the writ.
WRIT QUASHED.
Stuart, C.J., and Bolin, Parker, Main, Wise, Bryan, and Sellers, JJ., concur.
Shaw, J., recuses himself.

See Ala. Code 1975, § 12-14-8 ("All municipalities shall utilize the uniform traffic infractions procedure as provided by law or rule."); Ala. Code 1975, § 12-12-53 ("Every law enforcement agency in the state shall use traffic citations of the form known as the uniform traffic ticket and complaint. ..."). Municipal court magistrates are authorized and empowered to perform various functions as to the processing of UTTCs, including the receipt of guilty pleas under certain circumstances. See Ala. Code 1975, § 12-14-50 ; Rules 18-20, Ala. R. Jud. Admin.

The form is a form approved for use in the Alabama Unified Judicial System. See Rule 19, Ala. R. Jud. Admin., attachment form UTTC-7.

Rule 19(C), Ala. R. Jud. Admin., makes no provision for pleading guilty before a magistrate on the court date stated on a UTTC, and, as noted, the record indicates that Rogers pleaded guilty before Judge Hayes on the court date on his UTTCs. The parties made no attempt to correct the record pursuant to Rule 10(f), Ala. R. App. P., so as to explain how Judge Hayes's signature came to appear on the bench notes if Rogers did not in fact appear before him and plead guilty.

Rule 10(d), Ala. R. App. P., provides a procedure for including a statement of the evidence where "no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable."

Nor will we consider whether other rules or precedents might affect the application of Kelley to Rogers's convictions. See Rule 26.7, Ala. R. Crim. P. (noting that a defendant may waive "the right to be present at the sentence hearing and at sentencing" and may do so "either in writing or by the defendant's nonappearance after notice of the time, date, and place of the sentence hearing or sentencing"); Rule 14.4(a), Ala. R. Crim. P.; Committee Comments to Rule 14.4(a) ("Section (a) adopts the requirement that the court address the defendant personally in open court in the presence of counsel (unless counsel has been waived pursuant to Rule 6.1(b) ) and is applicable in all cases except those involving minor misdemeanors and offenses where the defendant is a corporation."); see also Ex parte Eason, 929 So.2d 992, 995-96 (Ala. 2005) (distinguished by Kelley on certain grounds, see 246 So.3d at 1072-73 ); and Royer v. State, 542 So.2d 1301, 1306 (Ala. Crim. App. 1988) (holding that UTTC that "contained a writing signed by the judge, setting forth the appellant's plea, the verdict of guilt, and the pronouncement of sentence" satisfied "the material requirements of Rule 8(a), Alabama Temporary Rules of Criminal Procedure," the predecessor to Rule 26.9(a), Ala. R. Crim. P. ("Judgment shall be pronounced in open court.") ).