[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13617

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NICHOLAS CRAIG WOOZENCROFT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60094-JEM-1

_____

Before ROSENBAUM, ABUDU, AND WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Nicholas Craig Woozencroft appeals his 41-month sentence. At trial, he was convicted and sentenced on Count Two of the indictment for purchasing firearms by means of a false statement in violation of 18 U.S.C. § 922(a)(6). But the jury was hung as to the only other count charged, Count One, another violation of 18 U.S.C. § 922(a)(6) pertaining to a different incident involving purchasing firearms by means of a false statement. Because of the hung jury, the district court declared a mistrial on Count One. Woozencroft appealed as to Count Two.[1] Because the written judgment pertains only to Count Two, and Count One currently awaits a new trial, we are bound by our own precedent to conclude that the sentence for Count Two is not a final and appealable order. Therefore, we lack jurisdiction in this appeal.

## I.

Generally, we have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. § 1291. The general principle that an appeal may be taken only from a final judgment applies to appeals from both civil and criminal proceedings. *United States v. Gulledge*, 739 F.2d 582, 584 (11th Cir. 1984). The final judgment rule requires that a party ordinarily must raise all asserted errors in a

---

[1] The government thereafter indicated that it would likely seek dismissal of Count One if the appeal of Count Two were affirmed.

single appeal after a final judgment on the merits, and that, in a criminal case, "the rule prohibits appellate review until conviction and imposition of sentence." *United States v. Flanagan*, 465 U.S. 259, 263 (1984).[2]

In *United States v. Myrie*, we held that we lacked jurisdiction over a defendant's appeal from a district court order granting in part and denying in part a motion for new trial. 776 F.3d 1280, 1281, 1284–85 (11th Cir. 2015) (per curiam). A jury had found the defendant guilty on three counts and not guilty on one count of a four-count indictment. *Id.* at 1282–83. The defendant was sentenced to a term of imprisonment. *Id.* at 1281, 1284. Later, the district court granted a motion for a new trial as to one count but denied the motion as to the other two counts of conviction, and the defendant appealed. *Id.* at 1284.

On appeal, we held that we lacked jurisdiction because the district court's order was not final. *Id.* at 1284–85. We reasoned that we were "bound by two cases . . . to conclude the pending charge against the defendant prevented it from hearing his appeal at that point in the proceedings." *Id.* at 1285 (referring to *United States v. Wilson*, 440 F.2d 1103, 1103 (5th Cir. 1971)[3] and *In re United States*,

---

[2] "In a criminal case the final judgment means the sentence. The sentence is the judgment." *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985) (per curiam) (citing *Berman v. United States*, 302 U.S. 211, 212–13 (1937)).

[3] In *Wilson*, the defendant was convicted on six counts, but the district court only sentenced him as to three counts in both the oral pronouncement and the written judgment. 440 F.2d 1103, 1104 (5th Cir. 1971). The former Fifth Circuit, held that there was not a final judgment, stating that "when a

898 F.2d 1485 (11th Cir. 1990) (per curiam),[4] *superseded by rule on other grounds as recognized by United States v. Orozco*, 160 F.3d 1309 (11th Cir. 1998).

We noted in *Myrie* that, if we "were writing on a clean slate," we would have concluded that the district court's order granting in part and denying in part the defendant's motion for a new trial "finally and irreparably affected [the defendant's] rights as to Counts 1 and 4 and his convictions on those counts constituted separate cases which were brought to a conclusion by sentencing." 776 F.3d at 1285. We clarified, however, that viewing convictions and

---

multi-count indictment and verdict are involved, it is essential for post-conviction review that the record disclose the precise sentence for each count." *Id.* We are bound by *Wilson* because it was a decision of the former Fifth Circuit handed down before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[4] In *In re United States*, the defendant pleaded guilty to five counts of bank robbery. 898 F.2d 1485, 1486 (11th Cir. 1990) (per curiam). All five counts were contained in one indictment, but the defendant was sentenced only on the first count of the indictment. *Id.* Over a year later, the government moved the district court to sentence the defendant on the other four counts of the indictment. *Id.* Instead, the district court dismissed those counts, holding that the passage of time violated the defendant's Sixth Amendment right to a speedy sentencing. *Id.* The defendant later moved to reduce his sentence under former Rule 35(b) of the Federal Rules of Criminal Procedure. *Id.* at 1486 & n.1. In concluding that the defendant's Rule 35(b) motion was timely, we reasoned that the district court's sentence was not imposed until the other four counts of the indictment were dismissed. *Id.* at 1486–87. We clarified that an order is "final and appealable" "[o]nly when the defendant is sentenced on all counts on which he is convicted (or when the convictions on the other counts are otherwise disposed of)." *Id.* at 1487.

sentences on only some of the counts as separate cases brought to finality was foreclosed by *Wilson*, and we were required to accept that interpretation by the prior-panel-precedent rule. *Id.* Because we were bound in *Myrie* by the holdings in *Wilson* and *In re United States*, we dismissed the appeal for lack of jurisdiction. *Id.*

## II.

Here, under *Myrie*, we lack appellate jurisdiction at this point in the proceedings. *See id.* Some of the procedural background for *Myrie* is distinguishable because the unresolved count in that case was the result of an order granting a new trial, while here, a mistrial produced the unresolved count. *See id.* at 1284. Still, this procedural distinction does not have legal significance. The key principle for the panel in *Myrie* was that counts for which the defendant was already sentenced could not be viewed as separate and distinct for purposes of finality. *Id.* at 1285. And the government in *Myrie* had the discretion to retry the count for which the defendant had been granted a new trial. *See id.*

Woozencroft's indictment here contained two counts, one on which he was convicted and sentenced, and one which resulted in a hung jury and a mistrial. And here, like in *Myrie*, the government may bring a new trial for the remaining, unresolved count. So too here, like in *Myrie*, the count for which Woozencroft was convicted and sentenced cannot be viewed as separate and distinct

for purposes of finality. Thus, we are bound to hold that we lack jurisdiction at this point in Woozencroft's proceedings.[5]

## III.

Because the written judgment pertains to only one of the two counts in the indictment, and the district court declared a mistrial as to Count One, which is currently awaiting a new trial, the sentence for Count Two is not a final and appealable order, and we lack jurisdiction in this appeal.

**APPEAL DISMISSED FOR LACK OF JURISDICTION.**

---

[5] Like several of our sister circuits, we acknowledge the important fairness concern implicated by this decision. *See United States v. Abrams*, 137 F.3d 704, 706–07 (2d Cir. 1998) (per curiam); *United States v. Kaufmann*, 951 F.2d 793, 795 (7th Cir. 1992); *United States v. Leichter*, 160 F.3d 33, 36 (1st Cir. 1998). Woozencroft is currently "languishing in jail" on one count and "awaiting trial" on the other count without the right to immediate appeal because of the unresolved status of the other count. *See Leichter*, 160 F.3d at 37; *see also Kaufmann*, 951 F.3d at 795. We agree that it is "particularly unfair to subject a defendant to imprisonment or other punishment without any right to appeal." *Kaufmann*, 951 F.3d at 795. But, in light of our prior precedent, we are bound to dismiss this case.